**Willie COLEMAN, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 18A02–9302–CR–81.

Court of Appeals of Indiana, Second District.

Sept. 28, 1994.

Kelly N. Bryan, Muncie, for appellant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Willie Coleman, Jr. (Coleman) appeals his conviction of robbery, a class B felony. He claims that the evidence upon which his conviction rests is insufficient as a matter of law. We agree and reverse the conviction.

The evidence most favorable to the jury verdict reveals that, on March 4, 1992, Willie Coleman entered the Marsh supermarket across from the Muncie Mall, and proceeded toward the video rental counter. Joe Williamson (Williamson), a customer standing at the video counter, observed Coleman take several rolls of thirty-five millimeter film, placing them in his pockets. Coleman then spoke to Williamson, telling him that he had better not say anything, and that Coleman knew where Williamson kept his truck. Williamson testified that he did not, at that time, alert the clerk because he thought Coleman had some sort of weapon. Williamson nonverbally, and unsuccessfully, attempted to get the attention of the video counter clerk. Coleman then started toward the exit of the store.

When Coleman was approximately ten feet from him, Williamson alerted the clerk, who subsequently alerted the assistant manager, Max Smith (Smith). At the time the incident occurred, Smith had been standing a good distance away, in the office area of the store. By the time Smith began pursuit of Coleman, he had exited the store's double doors. Smith stopped him on the sidewalk, observing the film protruding from Coleman's pocket. He asked if Coleman had forgotten to pay for something. Coleman then brandished a knife, holding it to Smith's chest. Smith backed off, returning to the store to contact the police. Coleman was arrested when he re-entered the store some minutes later.

Upon appeal, Coleman contends that the State did not introduce sufficient evidence of each element of the robbery statute. We rephrase the issues as:

(1) whether sufficient evidence supports the finding that Coleman took the property from the presence of Max Smith as charged, and

(2) whether there is sufficient evidence that Coleman used force or fear to effectuate the taking.

Because we determine that the second issue is dispositive and requires reversal, the first issue will not be addressed.

We review sufficiency of the evidence claims only to determine whether substantial evidence of probative value supports the verdict. *Polk v. State* (1991) 3d Dist. Ind.App., 578 N.E.2d 687, 689. Thus, we view all evidence, as well as all inferences to be drawn therefrom, in the light most favorable to the State. *Id.* In so doing, we will not

reweigh the evidence, nor will we judge the witness's credibility. *Id.*

Indiana Code 35–42–5–1 (Burns Code Ed. 1994) provides:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon . . ."

The troublesome issue in this case is whether, as a matter of law, the "taking" for which Coleman was convicted, was effectuated "by using or threatening the use of force" against Smith or by placing him in fear.[1] While Coleman does not debate that force is an element essential to the conviction of robbery, his position is that the taking of the property must be preceded by the use or threat of violence or by otherwise placing the person in fear. He argues that the "taking" was complete at the point he exited the store, prior to the time he brandished the knife at Smith's chest. Thus, force was not used to effectuate the taking, nor was the taking effectuated by placing Smith in fear. Therefore, he could be convicted only of theft.

Given the unusual factual sequence here, our analysis necessarily focuses upon whether, in perpetrating a robbery, force must be used prior to the acquisition of the property, or whether it is sufficient that the force, violence, or fear is used in attempting to retain the property or in escaping with the property.

Few Indiana cases have addressed precisely this issue. However, we take guidance from those which have. The most recent of these cases is *Eckelberry v. State* (1986) Ind., 497 N.E.2d 233. In that case, our Supreme Court makes clear that the robbery statute contemplates that force used be prior to or contemporaneous with the taking: " 'The force necessary to constitute robbery must be employed before the property is stolen. If the stealing be first, and the force afterwards, the offense is not robbery, but stealing from the person.' " *Id.*, at 234. If force is used while the taking is being perpetrated, but prior to its completion, it is considered contemporaneous because it is "necessary" to the completion of the taking. *Id.*

■ Also apt is the reasoning of *Rowe v. State* (1986) 2d Dist. Ind.App., 496 N.E.2d 585, 590, n. 2, in which we determined that "there must be a causal relationship or nexus between the act of putting a person in fear and the victim's decision to surrender the property." To constitute a robbery, the relinquishment of custody of property must be because the victim was placed in fear. *Id.* We necessarily conclude that the use of force after the taking, either to escape or to retain the stolen property, does not constitute "force" or "placing in fear" sufficient to convict a defendant of robbery.

■ Here, the force used by Coleman is clearly insufficient to constitute the necessary element. There is no question but that Coleman did not use any force prior to the actual physical taking. The evidence clearly shows that Coleman entered the Marsh store, and clandestinely took the film from the counter. By the time Coleman brandished the knife, the physical taking of the property had already been effectuated. Further, we cannot find that the force used was contemporaneous. Evidence adduced at trial demonstrates that Coleman's threat was used solely to retain possession of the property, and to effectuate his escape. If Smith were placed in fear it could only have been outside the store when Coleman brandished the knife. As noted, the taking had been completed.

Coleman's use of force after he took the film, rather than prior to the taking, is insufficient, as a matter of law, to constitute the placing in fear necessary for robbery.

In the case before us, there was a theft and, perhaps thereafter, commission of a separate offense, e.g., intimidation, I.C. 35–45–2–

---

1. It is important to note that the charge alleged that Coleman took the film "from another person, to-wit: Max Smith while armed with a dead-

ly weapon to-wit: knife *putting him in fear* [.] . . ." Record at 8 (emphasis supplied).

**730**

1, battery, I.C. 35–42–2–1, or criminal recklessness, I.C. 35–42–2–2. But there was not a robbery.

We reverse Coleman's robbery conviction and remand for further proceedings consistent herewith.

FRIEDLANDER, J., concurs.

KIRSCH, J., dissents with opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent.

Upon being alerted that Coleman had stolen property from the store, Max Smith, the assistant manager, followed him out the door. Coleman had not reached the store's parking lot when he was confronted by Smith. Before confronting Coleman, Smith saw the stolen property bulging from Coleman's pockets. Smith approached Coleman and asked if he had forgotten to pay for the merchandise. Coleman then placed a knife to Smith's chest and said, "Do you want some of this?" At the time of such threat, Coleman had not completed the taking of the property from the presence of Smith or from the premises of the store. He was successful in doing so because of his threat of the use of force. This evidence constitutes robbery as defined by our supreme court in *Eckelberry v. State* (1986), Ind., 497 N.E.2d 233. I would affirm the conviction.