**Billy E. LOVE, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 20S00–9811–CR–709.

Supreme Court of Indiana.

Dec. 27, 1999.

Neil E. Holbrook, Goshen, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Billy Love was convicted of dealing in cocaine and being a habitual offender after the trial court found him guilty of selling cocaine to an undercover police officer. He argues that there was insufficient evidence to support his conviction in that a police officer's description and identification of Love were inconsistent. Finding the evidence sufficient to support the conviction, we affirm.

We have jurisdiction over this direct appeal because the longest single sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)7.

*Background*

On May 8, 1997, Elkhart Police Officers Mark DeJong and Dan Colson were working undercover for the purpose of investigating prostitution. DeJong was in the driver's seat of a van and pulled to the side of a road; Colson was concealed under a cover in the back of the van. At approximately 7:20 p.m., Defendant and another man approached DeJong. Defendant displayed and offered to sell DeJong several bags of what appeared to be crack cocaine. DeJong purchased one bag and Defendant left the scene. DeJong did not want to reveal his identity as an officer because he was trying to pick up a known prostitute

who was also at the scene. Shortly after Defendant and DeJong completed the transaction, DeJong had Colson call a description of Defendant into his supervisor.

Between 8:20 and 8:30 p.m., officers patrolling the area spotted a man fitting the description DeJong had conveyed to his supervisor. DeJong was immediately called to that location and identified Defendant as the man who had sold him the bag. Chemical tests confirmed that the substance Defendant sold to DeJong was crack cocaine.

Defendant was charged with dealing in cocaine within 1,000 feet of school property, a Class A felony,[1] and with being a habitual offender.[2] He was found guilty on both counts and sentenced to the Indiana Department of Correction for 80 years, 30 years of which was an enhancement for his status as a habitual offender.

### Discussion

When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses. *Thornton v. State,* 712 N.E.2d 960, 961 (Ind.1999); *Hurst v. State,* 699 N.E.2d 651, 654 (Ind.1998); *Roach v. State,* 695 N.E.2d 934, 941 (Ind.1998), *reh'g denied.* We consider only the evidence favorable to the jury's verdict, draw all reasonable inferences therefrom, and will affirm a conviction if the probative evidence and reasonable inferences drawn from the evidence could have led the jury to find a defendant guilty beyond a reasonable doubt. *See id.*

Defendant notes that the description Officer DeJong gave of Defendant in his report did not include notable features such as Defendant's missing front tooth, the fact that Defendant was balding, and the logo on Defendant's shirt. Appellant's Br. at 22–23. Defendant suggests that since DeJong was trained in identification and observation techniques, he would have reported Defendant's obvious features if in fact Defendant were the perpetrator. Defendant also argues that his conviction is inconsistent with the testimony of other witnesses placing him away from the crime scene when DeJong purchased the cocaine.

The record shows that when Defendant approached DeJong, Defendant was standing next to DeJong's car window where DeJong could clearly see him in the daylight hours. In addition, DeJong recognized Defendant from previous contacts and Colson gave an accurate description of him, per DeJong's instructions, to his supervisor over the car radio. The description DeJong included in his report was also accurate. Colson also confirmed that Defendant's voice was that of the individual he overheard making the transaction with DeJong.

Because it is within the jury's province to assess the credibility of all witnesses and weigh the evidence, we will not reassess or reweigh on review the allegedly conflicting evidence it heard. The evidence was ample to support the jury's verdict.

### Conclusion

We affirm the trial court's judgment.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

---

1. Ind.Code § 35–48–4–1 (1993).

2. *Id.* § 35–50–2–8 (Supp.1994).