Oshun R. GRACE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–9804–CR–241.

Supreme Court of Indiana.

June 30, 2000.

Rehearing Denied Oct. 4, 2000.

Robert V. Clutter, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Oshun Grace was convicted of murder, conspiracy, and three robbery counts for arranging for two accomplices to commit those crimes. He contends that the evidence of his involvement was insufficient to sustain his convictions. Our analysis is to the contrary, as it is on his claim that the trial court allowed inadmissible testimony. We do find the evidence insufficient to sustain one conviction and that enhancements to three others violate double jeopardy protections.

We have jurisdiction over this direct appeal because the longest single sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

*Background*

The facts most favorable to the verdict indicate that Eugene Davies III ("Davies") lived with his girlfriend, Kimberly Scott, in Indianapolis. On the evening of February 24, 1996, Davies's father, Eugene Davies, Jr. ("Davies's father"), was visiting his son and Scott when they heard a knock on the door. Davies opened the door and Defendant Oshun Grace was standing outside. Defendant and Davies exchanged comments and Defendant stepped into the apartment. Within a few seconds, two masked men brandishing weapons forced their way into the apartment behind Defendant.

One of the masked men held a gun to Davies's head and took him to the back of the apartment; the other told Scott and Davies's father to get down on the floor and started kicking Davies's father and beating him with a handgun. Scott and Davies's father testified that they heard shouting and crashing noises from the back of the apartment and that one of the masked men instructed them to start counting to 100. Scott and Davies's father also heard one of the men in the back of the apartment ask Davies "if he had any money or 'Where's your money?'" (R. at 223, 243.) The intruders demanded money from Davies's father and took Scott's purse. They took money and a pager from Davies. Soon thereafter, Scott and Davies's father heard two gun shots, someone yelled, "Let's get out of here," and the intruders ran out of the apartment. (R. at 225–26, 243–44.)

After Defendant and the gunmen had fled, Davies emerged from the back room injured and bleeding from gunshot wounds to the face and abdomen. Scott called 911 as Davies collapsed to the floor. Davies underwent surgery, regained consciousness, and had conversations with Scott about the incident before he died six weeks later from the gunshot wound to his abdomen.

On January 8, 1997, Defendant was charged by information with Murder,[1] Felony Murder,[2] Conspiracy to Commit Robbery as a Class A felony,[3] and three counts of Robbery as Class A felonies.[4] A jury found Defendant guilty of all counts as charged. At sentencing, the trial court found that the aggravating circumstances outweighed the mitigating circumstances on all counts and imposed a fully enhanced sentence of 65 years for murder[5] and 50 years for each of the robbery convictions and conspiracy to commit robbery conviction. The sentencing judge ordered Defendant to serve the sentence for conspiracy to commit robbery and the three sentences for robbery concurrently, but ordered Defendant to serve those concurrent sentences consecutive to the sentence for murder, for a total executed sentence of 115 years.

Additional facts will be provided as necessary.

### Discussion

### I

■ Defendant argues that the trial court committed reversible error when it allowed inadmissible hearsay testimony and speculation from Scott. Scott testified to statements made by Davies while he was hospitalized before his death. Specifically, Scott testified that Davies told her that he thought Defendant "was in on [the robberies], that it was his job to knock on the door so [Davies] would open the door while the others were standing right outside, waiting to come in behind [Defendant]." (R. at 235–36.) However, when Defendant's counsel objected to the testimony at trial, he did not object based on hearsay or speculation grounds. Counsel objected that the question was leading, and also that it elicited "some condition of mind." (R. at 234.)

■ Grounds for objection must be specific and any grounds not raised in the trial court are not available on appeal. *Williams v. State*, 690 N.E.2d 162, 173 (Ind.1997) (citing *Mullins v. State*, 646 N.E.2d 40, 44 (Ind.1995) ("In order to preserve a claim of trial court error in the admission or exclusion of evidence, it is necessary at trial to state the objection together with the specified ground or grounds therefore at the time the evidence is first offered.")); *see also Ingram v. State*, 547 N.E.2d 823, 829 (Ind.1989) (recognizing that grounds not raised in the trial court are not available on appeal). Because Defendant's counsel did not object to the proffered testimony on hearsay and speculation grounds, Defendant's claims of hearsay and speculation are not available on appeal.

■ Even if the trial court erroneously admitted the testimony, erroneous admission of evidence is not reversible error when evidence of the same probative value was admitted without objection. *Garrison v. State*, 589 N.E.2d 1156, 1159 (Ind.1992); *Davidson v. State*, 558 N.E.2d 1077, 1089 (Ind.1990). The substance of Scott's testimony regarding Defendant's role in the crimes was also introduced by means of Ivan Rouse's testimony. Rouse testified that on February 24, 1996, Defendant arrived at the home of Heather Guest, Rouse's girlfriend, sometime after 8:00 p.m. Rouse was visiting Guest on that evening. He testified that Defendant was "short of breath" when he arrived (R. at 269), and that soon thereafter, others ultimately charged with these crimes also arrived. Rouse further testified that later in the evening, Defendant told him that he went to the apartment with the other robbers and that his role was to be the "set-up" person — he was to knock on the door so the other robbers could force their way

---

1.  Ind.Code § 35–42–1–1 (1993).

2.  *Id.* § 35–42–1–1(2).

3.  *Id.* §§ 35–41–5–2 & 35–42–5–1.

4.  *Id.* § 35–42–5–1.

5.  The trial court merged Defendant's felony murder conviction into his murder conviction.

in after Davies opened the door. (R. at 279.) Rouse's testimony was admitted without objection. Therefore, Scott's testimony was at worst merely cumulative, providing evidence of the same probative value as Rouse's admissible testimony.[6]

## II

■ Defendant contends that the evidence of his involvement in all of the crimes was insufficient to sustain his convictions. In light of our standard of review for sufficiency of the evidence claims, our decision in Part I, supra, that Scott's testimony was not inadmissible, and Rouse's testimony as to Defendant's acknowledgment of his role in the crimes, we find that the evidence and reasonable inferences to be drawn therefrom supported the jury's verdicts.

## III

■ Defendant also argues that there was insufficient evidence to sustain his conviction for the robbery of Davies's father. Indiana Code § 35–42–5–1 (1993) defines robbery as the knowing or intentional taking of property from another person or from the presence of another person by force or threat of force. The mere threat of taking property is insufficient to support the taking element of robbery. *See, e.g., Richardson v. State,* 717 N.E.2d 32, 52 (Ind.1999) ("[A]n essential element of ... robbery is the taking of some type of property."); *Carter v. State,* 686 N.E.2d 834, 838 (Ind.1997) ("[R]obbery requires that *property* be taken.") (emphasis in original), *reh'g denied; Cooper v. State,* 656 N.E.2d 888, 889 (Ind.Ct.App.1995) ("It is not until the property is successfully removed from the premises or the person's presence that the robbery is complete.").

In the present case, the State presented no evidence that Defendant and the intruders actually *took* property from Davies's father. Scott testified that her purse was stolen; Davies's father testified that he heard gunmen demanding money from his son; and Scott testified that the gunmen demanded money from Davies's father. But nothing in the record indicates that the gunmen actually took property from Davies's father.

■ We neither reweigh the evidence nor assess the credibility of witnesses when reviewing a sufficiency of the evidence claim. *Thornton v. State,* 712 N.E.2d 960, 961 (Ind.1999). We only consider the evidence most favorable to the jury's verdict, draw all reasonable inferences therefrom, and will affirm a conviction if the probative evidence and reasonable inferences drawn from the evidence could have led the jury to find a defendant guilty beyond a reasonable doubt. *Love v. State,* 721 N.E.2d 1244, 1245 (Ind.1999). But to sustain a conviction under a sufficiency of the evidence challenge, there must be sufficient evidence on each material element. *Kingery v. State,* 659 N.E.2d 490, 493 (Ind.1995), *reh'g denied.* Without the taking of property, and no evidence from which to draw an inference that property was taken, there can be no conviction for robbery. Therefore, we reverse and vacate that portion of the trial court's orders convicting and sentencing Defendant for the robbery of Davies's father.

## IV

■ Defendant lastly contends that his conspiracy to commit robbery and robbery convictions should be reduced from Class "A" to "B" felonies. Defendant contends that because he was convicted and sentenced for the death of Davies, the trial court violated his double jeopardy protec-

---

6. Defendant also appears to challenge the admission of testimony offered by Scott that Davies told her that he recognized the person who knocked on the door as a friend of his brother and that the intruders took his pager and some money. Appellant's Br. at 10–11.

Defendant's counsel did not enter any objection when this testimony was presented at trial. As indicated *supra,* absent timely objection, an argument is not preserved for appeal. *See Ingram,* 547 N.E.2d at 829.

tions under the Indiana Constitution, Article I, Section 14, by using that same injury to elevate the felony level of his robbery convictions and to enhance the associated sentences. Appellant's Br. at 6–7. We agree.

In *Hampton v. State*, 719 N.E.2d 803 (Ind.1999), we held that a defendant cannot be convicted of both murder and robbery as a Class A felony when "both the murder conviction and the enhanced robbery conviction are based on the same bodily injury to the [same] victim." *Id.* at 808. We analyzed the issue applying the double jeopardy standard set forth in *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999).

Here, as in *Hampton*, there is more than " 'a reasonable possibility that the evidentiary facts used by the fact-finder to establish the elements of one offense may also have been used to establish the elements of [the] second challenged offense.' " *Hampton*, 719 N.E.2d at 809 (quoting *Richardson*, 717 N.E.2d at 53). In fact, the charging information in the present case, which was read to the jury, alleges that Defendant (1) murdered Davies, and (2) committed three robberies, as Class A felonies, because the robberies resulted in death to Davies. Defendant's murder conviction and his enhanced robbery convictions were based on the same bodily injury to the same victim, and as such, cannot stand together.

### Conclusion

We affirm Defendant's convictions and sentence except that (1) we reverse Defendant's conviction for the robbery of Eugene Davies, Jr., and (2) we reduce Defendant's two remaining robbery convictions and conspiracy to commit robbery conviction from Class A felonies to Class B felonies. We remand to the trial court with instructions to vacate the sentence for the robbery of Eugene Davies, Jr., and to impose a total executed sentence of 85 years (concurrent sentences of fully enhanced 20 years for conspiracy to commit robbery and two counts of robbery to be served consecutive to a fully enhanced 65 year term for murder).

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.