Edward HOPKINS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0507–PC–653.

Court of Appeals of Indiana.

Jan. 31, 2006.

Susan K. Carpenter, Public Defender of Indiana, Mario Joven, Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Edward Hopkins appeals the denial of his petition for post-conviction relief, which challenged his two convictions for Class B felony robbery. We reverse and remand.

### Issue

The restated issue before us is whether Hopkins received effective assistance of counsel at various points in his challenges to his robbery convictions.

### Facts

The relevant facts for purposes of this appeal are that in 1999, the State charged Hopkins with, among other things, two counts of attempted murder and two counts of Class A felony robbery. The charging information alleged that the robberies were Class A felonies because they resulted in serious bodily injury to the victims, who were also the same as the alleged attempted murder victims. The information does not mention or allege that Hopkins used a deadly weapon in the commission of the robberies. On March 29, 2000, a jury convicted Hopkins as charged.

Hopkins appealed to this court and was represented by counsel. One of Hopkins's arguments was that it violated double jeopardy principles to allow the robbery convictions to stand as Class A felonies where the serious bodily injuries used to enhance those convictions were the same injuries used to support the attempted murder convictions. We agreed with this argument. *Hopkins v. State,* 747 N.E.2d 598, 604 (Ind.Ct.App.2001), *trans. denied* (*"Hopkins I"*). However, we disagreed with Hopkins that we were required to reduce his robbery convictions to Class C felonies and instead ordered that they be reduced to Class B felonies because there was evidence Hopkins had used a deadly weapon in committing the robberies. *Id.* at 605. We remanded for resentencing on the robbery convictions. *Id.* Hopkins did not petition for rehearing, but did petition for transfer to the Indiana Supreme Court, arguing in part that we erred by only reducing the robbery convictions to Class B felonies. The Court denied transfer.

A different attorney represented Hopkins during the trial court's resentencing on remand. This attorney did not reiterate the argument that Hopkins could only be convicted of Class C felony robberies. After Hopkins was resentenced, he initiated another direct appeal and was represented by a third attorney. The sole argument on this appeal was that one of his attempted murder convictions should be reversed due to instructional error. The basis for this argument was that after this court had decided *Hopkins I,* the Indiana Supreme Court had reversed one of the attempted murder convictions of Hopkins's brother and co-defendant, Anthony Hopkins, on this very issue. *Hopkins v. State,* 759 N.E.2d 633 (Ind.2001). We rejected this argument. *Hopkins v. State,* 769 N.E.2d 702 (Ind.Ct.App.2002). A fourth attorney then filed a petition for transfer, raising only the attempted murder instruction issue. The Indiana Supreme Court granted transfer, but held that the erroneous instruction did not amount to fundamental error in Hopkins's case, although it did in his brother's case. *Hopkins v. State,* 782 N.E.2d 988, 991–92 (Ind.2003) (*Hopkins II* ).

After *Hopkins II* was decided, Hopkins filed a pro se petition for post-conviction relief, which subsequently was amended by counsel. The petition focused entirely on whether Hopkins should have had his Class A felony robbery convictions reduced to Class C rather than Class B felonies. Specifically, the petition alleged that it was fundamental error for Hopkins to be convicted of and sentenced for two counts of Class B felony robbery instead of Class C felony robbery, and that he received ineffective assistance of counsel from his four different attorneys regarding this issue throughout the direct appeal, remand, and re-direct appeal process. On

May 27, 2005, the post-conviction court denied the petition. Hopkins now appeals.

## Analysis

■ Hopkins is appealing from the denial of post-conviction relief. Because he bore the burden of establishing grounds for relief by a preponderance of the evidence, Hopkins is in the position of appealing a negative judgment. *See Wesley v. State*, 788 N.E.2d 1247, 1250 (Ind.2003) (citing Ind. Post–Conviction Rule 1(5)). An unsuccessful post-conviction relief petitioner must convince the appellate court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.* We will reverse a post-conviction court's decision only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Id.* The post-conviction court here also entered findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). We will reject those findings and judgment only upon a showing of clear error, or error that leaves us with a definite and firm conviction that a mistake has been made. *Id.* at 1251.

■ At the outset, we note that Hopkins phrases his argument both in terms of fundamental error and ineffective assistance of counsel. However, the Indiana Supreme Court has flatly held, "It [is] wrong to review [a] fundamental error claim in a post-conviction proceeding." *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002). "[T]he fundamental error exception to the contemporaneous objection rule applies to direct appeals. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id.* We are bound by this precedent and cannot review in a post-conviction relief appeal whether it was fundamentally erroneous for Hopkins to be sentenced for two counts of robbery as Class B felonies instead of Class C felonies.[1] We are limited to reviewing whether Hopkins received effective assistance of counsel.

■ On this issue, we find it necessary only to review the performance of the attorney who represented Hopkins on his first direct appeal, which resulted in *Hopkins I* and the Indiana Supreme Court's denial of transfer.

We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of trial counsel ineffectiveness. The defendant must show that appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. Ineffective assistance claims at the appellate level of proceedings generally fall into three basic categories: (1) denial of access to an appeal; (2) waiver of issues; and (3) failure to present issues well. *Fisher v. State*, 810 N.E.2d 674, 676–77 (Ind.2004) (citations omitted). Hopkins's claim is that the *Hopkins I* direct appeal attorney failed to present adequately the issue regarding reduction of his robbery convictions to Class C felonies instead of Class B felonies; Hopkins was not denied access to an appeal nor was this issue

---

1. *Sanders* did not indicate whether it was overruling *State v. Huffman*, 643 N.E.2d 899 (Ind.1994). In that case, the Court affirmed a post-conviction court's conclusion that an instruction given during the petitioner's trial was fundamentally erroneous, even though the Court had rejected a similar argument regarding the instruction on direct appeal. *Id.* at 901. *Huffman* arguably conflicts with *Sanders* in its treatment of what types of issues can be raised and decided during post-conviction proceedings.

deemed waived. Claims of inadequate presentation of certain issues, when such were not deemed waived on direct appeal, admittedly are the most difficult for defendants to advance and reviewing tribunals to support. *Bieghler v. State*, 690 N.E.2d 188, 195 (Ind.1997), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998). When the issues presented by an attorney are analyzed, researched, discussed, and decided by an appellate court, deference is afforded both to the attorney's professional ability and the ability of the appellate judges who first decided the case to recognize a meritorious argument. *Id.* at 196. An ineffectiveness challenge resting on counsel's presentation of a claim must overcome the strongest presumption of adequate assistance. *Id.* Judicial scrutiny of counsel's performance, already highly deferential, is at its highest for this type of claim. *Id.* "Relief is only appropriate when the appellate court is confident it would have ruled differently." *Id.*

The base offense of robbery is a Class C felony; it may be enhanced to a Class A felony if it results in serious bodily injury to a victim, or to a Class B felony if it results in bodily injury or if it is committed with a deadly weapon. *See* Ind.Code § 35–42–5–1. Here, Hopkins's first appellate attorney successfully argued that it violated double jeopardy to convict him of two counts of attempted murder and two counts of Class A felony robbery because the robbery was elevated on the basis of the same serious bodily injuries that supported the attempted murder convictions. *See Hopkins I*, 747 N.E.2d at 604. With respect to the remedy for this double jeopardy violation, however, this is the full extent of appellate counsel's argument:

> [T]he convictions for the Class A Robbery counts cannot stand as entered and sentenced upon. See *Lowrimore v. State*, 728 N.E.2d 860 (Ind.2000) (remand to reduce Class A robbery to

Class C robbery; robbery conviction as an A felony elevated on same basis as serious bodily injury forming basis of murder conviction); *Grace v. State*, 731 N.E.2d 442 (Ind.2000) (same).

> For the same reasons articulated in *Lowrimore* and *Grace*, this Court should remand to the trial court with instructions to reduce the convictions in Counts 3 and 4 to Class C felonies.

Post–Conviction Relief Ex. 2, pp. 15–16. In a reply brief, appellate counsel provided neither analysis nor citation to any authority in support of her argument that the robbery convictions should be reduced to Class C rather than Class B felonies.

As we observed in *Hopkins I*, the *Grace* case cited by appellate counsel was one in which the Indiana Supreme Court reduced the defendant's convictions for Class A felony robberies to Class B felonies. *Hopkins I*, 747 N.E.2d at 605 (quoting *Grace*, 731 N.E.2d at 445–46). It was not a case in which the robbery convictions were reduced to Class C felonies, as incorrectly implied by appellate counsel's parenthetical that it was the "same" as *Lowrimore*. We also observe now that neither the *Lowrimore* nor *Grace* opinions explained why the Court decided in the first case to reduce a Class A robbery conviction to a Class C felony, while in the second case it only reduced the Class A robbery convictions to Class B felonies. We do note, however, that the defendant in *Grace* had only argued for reduction to Class B felonies, not Class C felonies. *See Grace*, 731 N.E.2d at 445. Thus, the issue of whether the robbery convictions should be reduced to either Class B or Class C felonies was not before the Court in that case.

By contrast to *Lowrimore* and *Grace*, there were at least two opinions from the Indiana Supreme Court, both of which were handed down well before appellate

counsel briefed Hopkins's case, that clearly set forth the proper analysis for whether a Class A felony robbery conviction should be reduced to a Class B or Class C felony in the event of a double jeopardy conflict with a simultaneous murder or attempted murder conviction. The first case is *Hampton v. State,* 719 N.E.2d 803 (Ind. 1999). There, the Court held that it violated double jeopardy to convict the defendant of both murder and Class A felony robbery where the same act of stabbing the victim supported both the murder conviction and the serious bodily injury necessary for Class A felony robbery. *Id.* at 809. As the remedy for this violation, the Court ordered that the Class A felony robbery conviction be reduced to a Class C felony, reasoning as follows:

> Robbery as a Class C felony was charged in the State's Information and is a lesser included offense for which Defendant can be convicted. Robbery as a Class B felony, which was not charged by the State, is not necessarily a lesser included offense of robbery as a Class A felony. Thus, it is proper to reduce Defendant's conviction for robbery to a Class C felony rather than to a Class B felony.

*Id.* at 809 n. 1 (citation omitted).

The second case is *Logan v. State,* 729 N.E.2d 125 (Ind.2000). There, the Court again held that it violated double jeopardy to convict the defendant of both murder and Class A felony robbery based on the same serious bodily injury to the same victim, and again ordered that the robbery be reduced to a C felony instead of a B felony. *Id.* at 137. The Court explained:

> Robbery as a Class C felony is a lesser-included offense of robbery as a Class A felony as charged in the State's information. Robbery as a Class B felony, how-

ever, is not necessarily a lesser-included offense of robbery as a Class A felony. Here, the State did not allege the use of a deadly weapon as an enhancement of the offense, and as such, Class B robbery is not lesser included on that basis. Robbery resulting in bodily injury as a Class B felony may be a lesser included offense of Robbery as a Class A felony in this case. However, as stated above, the only injury alleged by the State in this case was Riebersol's death. Elevation of the offense to a Class B felony on the basis of bodily injury poses the same double jeopardy problem as does Logan's conviction for robbery resulting in serious bodily injury as a Class A felony. Thus, the proper remedy for the violation of Logan's right to be free from double jeopardy is to vacate that part of Logan's robbery conviction that elevated his offense to a Class A felony and reduce his robbery conviction to a Class C felony.

*Id.* (citations omitted).

*Hampton* and *Logan* made it very clear, before the briefs were filed in Hopkins's first direct appeal, that in the event of a double jeopardy conflict between a murder or attempted murder conviction and Class A felony robbery, the proper remedy is to reduce the robbery to a Class C felony unless the State had specifically alleged that the defendant used a deadly weapon in the commission of the robbery, in which case reduction to a Class B felony is appropriate. *Cf. also Chapman v. State,* 719 N.E.2d 1232, 1234 n. 3 (Ind.1999) (holding that it was appropriate to reduce Class A felony robbery conviction to Class B felony, rather than Class C felony, because the robbery information included the allegation that the defendant was armed with a handgun).[2] In Hopkins's case, the charg-

---

2. This point is further confirmed in at least

one case post-dating Hopkins's first direct

ing information for the robbery charges made no mention of the use of a deadly weapon.

After careful consideration, we have come to the conclusion that this is one of the very rare instances in which a petitioner's claim in this type of scenario is meritorious. *Hampton* and *Logan,* as well as *Chapman,* provided the clear outline for arguing that Hopkins's robbery convictions had to be reduced to Class C felonies, not Class B felonies. These cases, furthermore, were not out-of-date or obscure, but were recent cases from the Indiana Supreme Court addressing the new double jeopardy framework established by *Richardson v. State,* 717 N.E.2d 32 (Ind.1999). Counsel should have located and relied upon these cases. We also are confident that had we been directed to such authority, we would have had no choice but to rule in favor of Hopkins and that we would have ordered reduction of his robbery convictions to Class C felonies. Like the defendants in *Hampton* and *Logan,* and unlike the defendant in *Chapman,* Hopkins's charging information for robbery did not allege the use of a deadly weapon. Thus, Class B felony robbery was not a lesser-included offense of Class A robbery in this set of circumstances, and reduction of the robbery convictions to Class C felonies was the appropriate remedy in light of the double jeopardy conflict with the attempted murder convictions. *See Francis v. State,* 758 N.E.2d 528, 535 (Ind.2001). Additionally, the sheer brevity of counsel's argument regarding the proper remedy for the double jeopardy violation in Hop-

kins's case makes it doubtful whether that argument complies with the requirement of Indiana Appellate Rule 46(A)(8)(a) that all contentions of an appellant be supported by cogent reasoning.

The petition for transfer filed by appellate counsel in *Hopkins I* did not cure the ineffectiveness with respect to the arguments made to this court. In the petition, counsel did argue that this court erred in not reducing the robbery convictions to Class C felonies. Again absent, however, is any citation to *Hampton* or *Logan.* Instead, counsel cited to *Spears v. State,* 735 N.E.2d 1161 (Ind.2000). In that case, the Court had focused on the instructions given to the jury regarding the classifications of robbery in determining that it was appropriate to reduce a Class A felony robbery conviction to a Class C felony because of a double jeopardy issue; additionally, the State had made no argument in that case regarding whether it was proper to reduce the robbery to a B or C felony. *Id.* at 1165 n. 2. In any event, the Indiana Supreme Court denied Hopkins's petition for transfer. Such discretionary exercise of denial did not mean the Court approved of our decision in *Hopkins I. See Journal–Gazette Co., Inc. v. Bandido's, Inc.,* 712 N.E.2d 446, 481 n. 7 (Ind.1999), *cert. denied,* 528 U.S. 1005, 120 S.Ct. 499, 145 L.Ed.2d 385 (1999). Even if counsel had cited *Hampton* and *Logan* in the petition for transfer, the Indiana Supreme Court would have been under no obligation to grant transfer. In other words, appellate counsel's ineffectiveness before this court, which constituted Hopkins's only appeal as

---

appeal, *Francis v. State,* 758 N.E.2d 528 (Ind. 2001). There, the Court held that the charging information for three counts of Class A felony robbery, which stated that one of the victims had suffered serious bodily injury in the form of "mortal gunshot wounds," did not sufficiently put the defendant on notice that he also was being charged with the deadly

weapon, or Class B felony, variety of robbery. *Id.* at 535. Thus, as a result of a double jeopardy conflict between the Class A felony robbery convictions and a murder conviction, the Court held that the robbery convictions had to be reduced to Class C felonies, not Class B felonies. *Id.*

of right, could not be cured by any argument made in a petition to transfer.

### Conclusion

We conclude that Hopkins received ineffective assistance of counsel on his first direct appeal. Counsel should have developed a more thorough argument and alerted this court to clear, binding precedent that would have dictated that Hopkins's convictions for Class A felony robbery had to be reduced to Class C felonies, not Class B felonies. We reverse the denial of post-conviction relief and remand with instructions that Hopkins's two convictions for Class B felony robbery be reduced to Class C felonies and that he be resentenced accordingly.

Reversed and remanded.

SHARPNACK, J., and RILEY, J., concur.