## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 19 2016, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

O'Shun Untha Grace
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| O'Shun Untha Grace, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 19, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1601-CR-69 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Mark D. Stoner, Judge <br><br> Trial Court Cause No. <br> 49G06-9701-PC-3520 |

**Crone, Judge.**

[1] After a jury trial, O'Shun Untha Grace was sentenced to 115 years for murder, three counts of class A felony robbery, and one count of class A felony

conspiracy to commit robbery. On direct appeal, our supreme court reversed one of the robbery convictions, reduced the remaining robbery convictions and the conspiracy conviction to class B felonies, and remanded with instructions "to impose a total executed sentence of 85 years (concurrent sentences of fully enhanced 20 years for conspiracy to commit robbery and two counts of robbery to be served consecutive to a fully enhanced 65 year term for murder)." *Grace v. State*, 731 N.E.2d 442, 446 (Ind. 2000).

[2] In December 2015, Grace filed a motion to correct erroneous sentence, which does not appear in the record before us. The trial court denied the motion. Grace now appeals, claiming that his sentence exceeds the statutory maximum for an episode of criminal conduct and violates several provisions of the U.S. Constitution. Our supreme court has held that

> a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Grace's claims require consideration of matters outside the face of the sentencing judgment and therefore are inappropriate for a motion to correct erroneous sentence. Consequently, we affirm.

Affirmed.

Kirsch, J., and May, J., concur.