## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 13 2019, 10:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Amy D. Griner<br>Mishawaka, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Samantha M. Sumcad<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| H.H.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner* | November 13, 2019<br><br>Court of Appeals Case No.<br>19A-JV-1102<br><br>Appeal from the St. Joseph<br>Probate Court<br><br>The Honorable Jason Cichowicz,<br>Judge<br>The Honorable Graham Polando,<br>Magistrate<br><br>Trial Court Cause No.<br>71J01-1804-JD-99 |

**Baker, Judge.**

[1] H.H. appeals the juvenile court's adjudication that he was delinquent for committing an act that would be Level 6 Felony Sexual Battery[1] had it been committed by an adult, arguing that the evidence is insufficient to support the adjudication. Finding the evidence sufficient, we affirm.

# Facts

[2] On October 7, 2017, K.K. was attending a high school football game with friends. K.K. lost track of her friend with whom she was supposed to spend the night, so she and a different friend, L.M., called a fellow student, J.B., to come and get them. Soon thereafter, J.B. arrived with H.H. and two other male friends to pick them up. While inside the vehicle, everyone started passing around a bottle of "mango tast[ing]" alcohol and drinking from it. Tr. Vol. II p. 24. According to K.K., she took "a couple drinks." *Id.*

[3] Then, the car pulled over at a local beach. K.K. and L.M. exited the vehicle, but K.K. testified that she "[was] having trouble standing," "was dizzy," and "could barely see." *Id.* at 26. K.K. and L.M. smoked from a marijuana cigarette being passed around, got back in the vehicle, and left the beach.

[4] J.B. and H.H. invited K.K. and L.M. to H.H.'s house to spend the night. K.K. and L.M. agreed, and upon arriving at the house, the party snuck through the back door to avoid detection. All four of them went into H.H.'s parents'

---

[1] Ind. Code § 35-42-4-8(a)(1)(B).

bedroom and got into the bed. After that point, K.K. testified that "[i]t started to get a little fuzzy there, like I blacked out" and that "I don't remember that much." *Id.* at 28. J.B. and L.M. went into a separate bedroom, leaving H.H. and K.K. in H.H.'s parents' bedroom. For the rest of the night, K.K. testified that she "felt like [she] was getting sick and not feeling good." *Id.* K.K. began slipping in and out of consciousness and waking up sporadically. The first time she woke up, K.K. felt H.H. on top of her, kissing her mouth. K.K. slipped back into unconsciousness, and the next thing she remembered was J.B. and L.M. reentering the bedroom and sleeping in the same bed. K.K. did not remember anything else until she awakened the next morning and called her sister to pick her up.

[5] On April 6, 2018, the State filed a delinquency petition, alleging that H.H. was delinquent for committing acts that would be two counts of Level 6 felony sexual battery had they been committed by an adult. Following a February 5, 2019, fact-finding hearing, the juvenile court adjudicated H.H. to be delinquent on one count and dismissed the other. After H.H.'s April 17, 2019, dispositional hearing, the juvenile court placed H.H. on strict, indefinite probation and ordered that he participate in sex-offense treatment. H.H. now appeals.

# Discussion and Decision

[6] H.H.'s sole argument on appeal is that the evidence is insufficient to support the juvenile court's delinquency adjudication.

[7] Our standard of review for these types of juvenile cases is well established:

> "In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of the witnesses." *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010). "Rather, we look to the evidence and reasonable inferences drawn therefrom that support the [judgment], and we will affirm the [adjudication] if there is probative evidence from which a reasonable [factfinder] could have found the defendant guilty beyond a reasonable doubt." *Id.* We must therefore reverse if there is no evidence or reasonable inference to support any one of the necessary elements of the offense. *E.g.*, *Grace v. State*, 731 N.E.2d 442, 445 (Ind. 2000). ("[T]here must be sufficient evidence on each material element" to affirm a conviction).

*K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013) (alterations in original); *see also* *A.J.R. v. State*, 3 N.E.3d 1000, 1004-05 (Ind. Ct. App. 2014).

[8] To adjudicate H.H. as delinquent for committing an act that would be Level 6 felony sexual battery had it been committed by an adult, the State was required to prove beyond a reasonable doubt that H.H., with the intent to arouse or satisfy his own sexual desires or K.K.'s sexual desires, touched K.K. when she was so mentally disabled or deficient that consent to the touching could not have been given. I.C. § 35-42-4-8(a)(1)(B). Specifically, H.H. argues that the evidence is insufficient to prove that K.K. was so mentally disabled or deficient that she could not consent to the touching.

[9] While it is true that "[t]he plain meaning of 'mentally disabled or deficient[]' . . . would exclude a temporary, natural state such as sleep from inclusion in that phrase," *Ball v. State*, 945 N.E.2d 252, 258 (Ind. Ct. App. 2011), the evidence in the record shows that K.K. was under the influence of substances that

contributed to her deficient mental state. K.K. testified that after drinking the alcohol, she had trouble walking and felt "very dizzy[.]" Tr. Vol. II p. 27. Then, after smoking an unknown amount of marijuana, K.K. returned with H.H. to his home and stated that she felt ill all night. At multiple instances, K.K. slipped in and out of consciousness, explaining that she had trouble remembering certain moments, particularly the one where she claimed H.H. had gotten on top of her and kissed her. In fact, she only fully came to her senses the next morning when she called her sister to come get her.

[10] Based on this evidence, we find that a reasonable factfinder could have concluded that K.K.'s mental state was so deficient due to these substances that she was unable to give consent. Any argument by H.H. that we should reconsider testimony or reexamine K.K.'s credibility amounts to a request that we reweigh the evidence, which we may not do. We will consider any and all logical and reasonable inferences drawn from the evidence in favor of the juvenile court's ruling. Consequently, the evidence was sufficient to adjudicate H.H. as delinquent for committing an act that would be Level 6 felony sexual battery had it been committed by an adult.

[11] The judgment of the juvenile court is affirmed.

Kirsch, J., and Crone, J., concur.