## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 21 2020, 7:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Denise L. Turner
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Olegario Penaloza Diaz,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 21, 2020

Court of Appeals Case No.
20A-CR-878

Appeal from the Marion Superior
Court

The Honorable Alicia Gooden,
Judge

Trial Court Cause No. 49G21-
1812-F3-44694

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Olegario Diaz (Diaz), appeals his conviction for Count I, dealing in cocaine, a Level 2 felony, Ind. Code § 35-48-4-1(a)(2); and Count II, possession of cocaine, a Level 4 felony, I.C. § 35-48-4-6(a)(c)(1).

We affirm.

# ISSUES

Diaz presents two issues on appeal, which we restate as the following:

(1) Whether the trial court abused its discretion by admitting certain evidence; and

(2) Whether the State presented sufficient evidence beyond a reasonable doubt to support Diaz's convictions.

# FACTS AND PROCEDURAL HISTORY

In 2018, Diaz lived with his wife and nephew at 3479 Woodfront Drive in Indianapolis, Indiana. In September 2018, Detective Dan Madison (Detective Madison) coordinated three separate controlled buys of cocaine from Diaz's residence. Diaz was the target of those controlled buys, and Detective Madison observed Diaz sell cocaine to his informants.

Based on his investigation, Detective Madison obtained a warrant to search Diaz's house. On December 18, 2018, the Indianapolis Metropolitan Police Department (IMPD) executed that search warrant, and two small plastic bags

containing suspected cocaine, a large plastic bag containing suspected cocaine residue, a digital scale, and over $3,400 in cash were recovered from Diaz's bedroom. After Diaz was given his *Miranda* warnings, he informed the officers that he lived at the residence and that the cocaine from the bedroom belonged to him. Detective Madison thereafter used his uncertified scale that he had purchased in 1996 and weighed the cocaine. According to Detective Madison, the weight of the cocaine came out to about 8 grams. After he left Diaz's home, Detective Madison drove to the Indiana State Police post, where he put the two cocaine baggies in a Ziplock bag, labeled it, and put it inside a temporary locker.

[6] On December 18, 2018, the State filed an Information, charging Diaz with Level 3 felony dealing in cocaine and Level 5 felony possession of cocaine. On April 2, 2019, following testing performed by the Indiana State Police Laboratory that resulted in a weight of 16.95 grams for the seized cocaine, the State amended Diaz's charges to Level 2 felony dealing in cocaine and Level 4 felony possession of cocaine.

[7] Diaz proceeded to a bench trial on February 10, 2020. The State sought to introduce several exhibits including Exhibit 12 (a photograph of two cocaine baggies alongside a scale and other items), and Exhibit 16 (two cocaine baggies that were in a Ziplock bag with an Indiana State Police Laboratory label). While laying a foundation for State's Exhibit 16, Detective Madison testified that he was present during the execution of the search warrant, and that two cocaine baggies were recovered in Diaz's bedroom. Detective Madison stated

that he seized the cocaine and transported it to the Indiana State Police Post, where he "packaged it and placed it in a temporary locker." (Transcript Vol. II p. 22). When asked if he recognized Exhibit 16, Detective Madison answered affirmatively, and he explained that Exhibit 16 bore his "State Police case number, [his] name along with [his] initials . . ." (Tr. Vol. II, p. 22). Diaz objected to the admission of State's Exhibit 16, and his counsel argued as follows: "Defense objects on the basis that after reviewing with my client, the bags aren't the same as the photograph [in State's Exhibit 12], and the color of the suspected contents of the cocaine aren't the same judge." (Tr. Vol. II, p. 23). The trial court overruled Diaz's objection finding that his objection was related to "the weight of the evidence, not the admissibility." (Tr. Vol. II, p. 23). Diaz then testified that he was a cocaine user and the cocaine in State's Exhibit 12 which field tested as 8 grams belonged to him. However, Diaz disputed that the cocaine depicted in Exhibit 16 which weighed 16.95 grams belonged to him. Diaz argued that "the volume of the bag is not the same, and [] like the color it's changed a little bit. I don't know." (Tr. Vol. II, p. 45).

[8] At the conclusion of his trial, the trial court found Diaz guilty as to both Counts. On March 19, 2020, a sentencing hearing was held. Count II was merged into Count I and Diaz was ordered to serve a seventeen-year sentence, with eleven years suspended to probation.

[9] Diaz now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Admission of the Evidence*

Diaz asserts on appeal that the trial court abused its discretion when it admitted State's Exhibit 16 when sufficient chain of custody had not been established.

The admission or exclusion of evidence falls within the sound discretion of the trial court, and its determination regarding the admissibility of evidence is reviewed on appeal only for an abuse of discretion. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Doolin v. State*, 970 N.E.2d 785, 787 (Ind. Ct. App. 2012).

To establish a proper chain of custody, the State must give reasonable assurances that the evidence at issue remained in an undisturbed condition. *Troxell v. State*, 778 N.E.2d 811, 814 (Ind. 2002). The State bears a higher burden to establish the chain of custody of fungible evidence whose appearance is indistinguishable to the naked eye. *Id*. However, the State need not establish a perfect chain of custody, and once the State strongly suggests the exact whereabouts of the evidence, any gaps in the chain of custody go to the weight of the evidence, not its admissibility. *Id*. Officer-handling of evidence has a presumption of regularity; it is also presumed that officers exercise due care in handling their duties. *Id*. To mount a successful challenge to the chain of custody, the defendant must present evidence that does more than raise a mere possibility that someone tampered with the evidence. *Id*.

[13]     According to Diaz, the State failed to establish a sufficient chain of custody of the cocaine because State's Exhibit 16 (a photograph of two cocaine baggies with an Indiana State Police Laboratory label), and State's Exhibit 12 (a photograph of two cocaine baggies alongside other items recovered from his house) differed in appearance.

[14]     When the State moved to admit Exhibit 16, the following exchange took place:

> [STATE]: State would move to admit State's Exhibit 16 which Detective Madison testified to is the bag of cocaine that he collected, put in an envelope and took to the State Police post, and he brought here today to court.
>
> [DIAZ]: Defense objects on the basis that after reviewing with my client, the bags aren't the same as the photograph, and the color of the suspected contents of the cocaine aren't the same, Judge.
>
> [COURT]: That would go to the weight of the evidence, not the admissibility.
>
> [DIAZ]: Okay.
>
> COURT: [Exhibit]16 is admitted over objection.

(Tr. Vol. II, p. 23).

[15]     The State argues and we agree that the objection that Diaz raised during his trial as to the admission of Exhibit 16 was not specific nor was it focused on the allegedly insufficient chain of custody. As a result, Diaz has waived his

argument on appeal. *See Grace v. State*, 731 N.E.2d 442, 444 (Ind. 2000) (holding that grounds for objection must be specific and any grounds not raised in the trial court are not available on appeal). Waiver notwithstanding, we cannot say that the trial court abused its discretion as a sufficient chain of custody existed.

[16] Detective Madison testified that he was present during the execution of the warrant and the cocaine was found next to a digital scale in Diaz's bedroom. After seizing the cocaine, Detective Madison transported it to an Indiana State Police post, where he labeled it and put it in a temporary locker. Although Detective Madison was not asked by either the State or Diaz to detail the transportation of State's Exhibit 16 from the police post to the lab, Haley Newton (Newton), the State Police laboratory analyst, testified that when she received State's Exhibit 16, she tested it and determined that it was cocaine weighing 16.95 grams, and that she placed her State Police laboratory sticker which had her own initials, employee number, and case file number on it. Further, Detective Madison testified that on the morning of Diaz's bench trial, he picked up State's Exhibit 16 from the Indiana State Police Laboratory and brought it to court.

[17] There was no testimony suggesting that the cocaine contained in State's Exhibit 16 was ever tampered with, or otherwise misplaced, and we presume that law enforcement officers in this case exercised due care while handling the evidence. *See Troxell*, 778 N.E.2d at 814. Therefore, we conclude that the State established a sufficient chain of custody for the cocaine, and the trial court did

not abuse its discretion when it admitted State's Exhibit 16 over Diaz's objection.

## II. *Sufficiency of the Evidence*

[18] Diaz claims that there was insufficient evidence to convict him of the Level 2 felony dealing in cocaine and Level 4 felony possession of cocaine. When reviewing a claim of insufficient evidence, it is well-established that our court does not reweigh evidence or assess the credibility of witnesses. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). Instead, we consider all of the evidence, and any reasonable inferences that may be drawn therefrom, in a light most favorable to the verdict. *Id.* We will uphold the conviction "'if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Id.* (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)).

[19] To convict Diaz of Level 2 felony dealing in cocaine, the State was required to prove beyond a reasonable doubt that Diaz did knowingly possess with intent to deliver cocaine that weighed at least ten (10) grams. *See* I.C. § 35-48-4-1(a)(2)(C)(e)(1). Diaz argues that he did not intend to possess or deliver the cocaine. Detective Madison testified that he organized three controlled buys of large amounts of cocaine from Diaz's residence and that he personally observed Diaz sell cocaine to his informants. Following those controlled buys, Detective Madison obtained a warrant, and 16.95 grams of cocaine wrapped in two plastic baggies were recovered in Diaz's bedroom. Diaz was *Mirandized* and

asked about the suspected cocaine, and he admitted the cocaine belonged to him. Furthermore, Detective Madison testified that he has been engaged in approximately 2,000 narcotics investigations, 500 of which involved cocaine, and that cocaine dealers typically possess digital scales, plastic bags, and large amounts of currency, all of which were located in Diaz's residence. Detective Madison's past involvement in controlled buys of cocaine from Diaz in the days leading up to the search, paired with Diaz's possession of multiple bags of cocaine, scales, and a large amount of cash, provide a reasonable inference that Diaz was dealing in cocaine. Here, the State presented sufficient evidence beyond a reasonable doubt to support Diaz's dealing charge.

[20] To convict Diaz of Level 4 felony possession of cocaine, the State had to show that Diaz did knowingly or intentionally possess cocaine weighing at least 10 but less than 28 grams. *See* I.C. § 35-48-4-6(a)(c)(1). Diaz only challenges the amount of cocaine that he possessed. Specifically, he argues that he only possessed 8 grams of cocaine not 16.95 grams, and that the amount he possessed was only supported by Detective Madison's initial field test of the cocaine recovered at his house, which he argues was insufficient to support a Level 4 felony conviction.

[21] When a team of law enforcement officers executed a search warrant at Diaz's residence, a bag of suspected cocaine was discovered in Diaz's bedroom. Diaz was subsequently given his *Miranda* warnings and asked about the suspected cocaine, and he admitted that it belonged to him. Although Detective Madison initially field tested the cocaine and determined that it weighed 8 grams, that

same cocaine was weighed at the Indiana State Police Laboratory, and the weight of that cocaine was 16.95 grams. The corresponding lab result was admitted without objection.

[22] In sum, we hold that the evidence was sufficient to sustain Diaz's convictions for Level 2 felony dealing in cocaine and Level 4 felony possession of cocaine.

# CONCLUSION

[23] Based on the foregoing, we conclude that the trial court did not abuse its discretion in admitting State's Exhibit 16, and we also conclude that there was sufficient evidence to sustain Diaz's conviction.

[24] Affirmed.

[25] May, J. and Altice, J. concur