**Randy ECKELBERRY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1085S431.

Supreme Court of Indiana.

Sept. 18, 1986.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

This case presents a question whose answer is easily taken for granted: At what point must force occur in a taking of property to constitute robbery?

Appellant Randy Eckelberry was convicted of robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.). He was sentenced to 20 years in prison. In this direct appeal, he challenges only the sufficiency of the evidence, claiming that the State did not prove he took property "by using force." Because the absence of force reduces a robbery to theft, Eckelberry contends that the evidence merited at most a conviction for theft.

The facts most favorable to the verdict show that John Bohannon was working on his car in his back yard when he went inside his home for a few moments. He left his keys in the ignition. Bohannon's watchdog began to bark, and Bohannon spotted Eckelberry entering the car. Bohannon tried to enter the vehicle, but Eckelberry had locked it and started the engine. Bohannon ran into his home to get his shotgun and told his wife, Carol, to call the police.

With a cordless telephone in her hands, Mrs. Bohannon exited the house to unleash

the dog. Eckelberry was attempting to turn the car around to drive straight out an alley at the back of the Bohannon property. However, the car's tires were spinning on the wet ground, and turning was made difficult by a defect in the power steering. Mrs. Bohannon yelled to Eckelberry that she was calling the police, and she moved toward the dog. Eckelberry accelerated and hit her while she stood in the yard at the side of the Bohannon home. Her body flipped and landed under the vehicle, which then hit a metal swingset. The car dragged Mrs. Bohannon and the swingset for several feet before freeing them. Eckelberry then escaped by continuing straight through the front yard, through a chain-link fence and into the street. He left Mrs. Bohannon, who was pregnant at the time, lying in critical condition in her yard.

Eckelberry claims that the evidence is insufficient to support the robbery conviction because force was not used to acquire the property. He cites *Shinn v. State* (1878), Ind., 64 Ind. 13, for the proposition that force must precede or accompany the taking of property to constitute robbery. Eckelberry contends that the force in this case occurred only *after* the property was taken.

Ind.Code § 35–42–5–1 provides in relevant part:

> A person who knowingly or intentionally takes property from another person or from the presence of another person:
>   1) By using or threatening the use of force on any person; or
>   2) By putting any person in fear;
> commits robbery, a Class C felony. However, the offense is ... a class A felony if it results in serious bodily injury to any person other than a defendant.

The force alleged in the charging information was the striking of Mrs. Bohannon with the automobile. Eckelberry alleges this force was used to accomplish his escape, not to take the property. Not so. The evidence showed the force was used before Eckelberry completed taking the automobile "from the presence of" Mrs. Bohannon. In fact, it is unlikely that Eck-elberry could have accomplished this "taking" in any other manner. He had been unable to turn the car to travel through the alley. The only other route for the malfunctioning car was straight ahead, through the narrow side yard which Mrs. Bohannon blocked, into the front yard and then to the street. If Eckelberry had not run over Mrs. Bohannon before she completed her call to the police, the officers might have arrived before Eckelberry managed to exit with the car through the alley.

Appellant correctly directs our attention to *Smith's Case* (1830), 1 Lewin, C.C. 301, 168 Eng.Reprint. 1048, in which the court stated, "The force necessary to constitute robbery must be employed before the property is stolen. If the stealing be first, and the force afterwards, the offense is not robbery, but stealing from the person." Applying the law as it has existed for the last two centuries, we conclude the force in this case not only accompanied the taking of the automobile as required by *Shinn* and *Smith's Case*, but indeed was necessary to accomplish it.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.