**Jeffrey J. PAUL, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 65S00–9208–CR–00619.

Supreme Court of Indiana.

April 26, 1993.

Glenn A. Grampp, Evansville, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Appellant-defendant Jeffrey J. Paul was convicted of murder and class A felony robbery. This direct appeal presents two questions: 1) sufficiency of the evidence for a conviction of robbery and 2) refusal to submit an instruction on the lesser included offense of voluntary manslaughter.

The evidence favorable to the judgment is that on February 27, 1991, the defendant, carrying a gym bag containing a .38 caliber handgun, visited two friends, Travis Garrett and Jeffrey Zenthoefer, at their apartment in Mount Vernon, Indiana. During that evening, the defendant drank whiskey and smoked marijuana. He declared that he would like to shoot someone to know what it was like to kill a person. Garrett told the defendant that to kill someone with his type of gun, the victim would have to be shot in the eye. Sometime after 12:00 a.m. on February 28, the defendant and Zenthoefer walked to a convenience store. Two soft drinks and a package of cigarettes were rung up on the cash register, but the transaction was never completed. The store clerk, Janet Bebout, was fatally shot by a .38 caliber handgun once in the left eye at close range. At approximately 1:15 a.m. the clerk's body was found lying on the floor behind the check-out counter. The store's district manager determined that five cartons of Marlboro cigarettes were missing. Later on February 28, the defendant told Garrett, "Wow, I can't believe I shot that bitch last night." Record at 525. He further recounted to Garrett that he shot the victim in the eye, prompted to do so at the spur of the moment. That same day the defendant told another friend, Kevin Kramer, that he needed to dispose of a gun used in a crime. Kramer drove the defendant and Garrett out of town to a location where the defendant disposed of the gun. Later that day the defendant removed cartons of Marlboro cigarettes from a location in the apartment where he had hidden them. The defendant told Garrett he had taken them from the convenience store. Police retrieved the gun after Garrett led them to the disposal site. A firearms expert concluded that the bullet removed from the victim's body had been fired from the gun.

### 1. Sufficiency of Robbery Evidence

The defendant contends that the evidence is insufficient to prove each of the material elements required for the conviction of robbery, a class A felony. Specifically, he argues that the evidence was insufficient to prove that he took any property from the person or presence of store clerk Janet Bebout.

■ The offense of robbery is defined by statute as follows:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear; commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a class A felony if it results in serious bodily injury to any person other than a defendant.

Ind.Code § 35–42–5–1. The State acknowledges that, to obtain a conviction for robbery, it must prove that the taking of the property was effectuated by using or threatening the use of force, or by putting the other person in fear. *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 507. It argues that the defendant's admissions that he went to the convenience store, shot the clerk, and took the cartons of cigarettes from the store, combined with his subsequent possession of some of the cigarettes, constitute evidence sufficient for conviction.

■ In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* (1980), 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ To satisfy the requirement that property be taken from the person or presence of another, it is sufficient that it be taken from the personal protection of the victim. *Chizum v. State* (1931), 203 Ind. 450, 180 N.E. 674 (slot machines and money taken from attendant "in charge of" them at a roadhouse); *see also Groce v. State* (1968), 250 Ind. 582, 236 N.E.2d 597 (purse taken from dining room table 10–12 feet distant from a woman threatened in the

kitchen of her home); *Finton v. State* (1963), 244 Ind. 396, 193 N.E.2d 134 (money from four cash registers and store safe taken from manager of grocery store).

■ In the present case, the evidence and reasonable inferences indicate that the store clerk was the sole employee present and was in charge of the store and responsible for its contents. We conclude that the evidence was sufficient to enable a reasonable jury to find each element of the charged offense proven beyond a reasonable doubt.

*2. Refusal of Tendered Instruction*

The defendant contends that the trial court erred by refusing to give his tendered final instruction on the lesser included offense of voluntary manslaughter as a class B felony. He argues that an evidentiary inference of sudden heat supporting the instruction is provided by testimony of witnesses regarding his purported admissions that he committed the shooting as "a spur-of-the-moment thing" without prior intent.

The State responds that the evidence is insufficient to show the presence of sudden heat. Citing *Fox v. State* (1987), Ind., 506 N.E.2d 1090, it contends that there is no evidence of anger, rage, sudden resentment, terror, or other strong emotion sufficient to obscure the reason of an ordinary man and thus constituting sudden heat. Alternatively, the State asserts that the tendered instruction was incomplete and misleading. Because the undisputed evidence shows that the killing was committed by means of a handgun, the State argues that the tendered instruction erroneously referred to voluntary manslaughter as a class B felony. Instead, the instruction should have referred to the offense as a class A felony because it was committed by means of a deadly weapon. Ind.Code § 35–42–1–3(a).

■ When reviewing the refusal of a tendered instruction, this Court determines 1) whether the tendered instruction correctly states the law; 2) whether there was evidence in the record to support the giving

of the instructions; and 3) whether the substance of the tendered instruction is covered by other instructions which were given. *Nichols v. State* (1992), Ind., 591 N.E.2d 134, 135–36.

■ We conclude that the evidence in the record does not present a reasonable inference of sudden heat so as to warrant an instruction on voluntary manslaughter as a lesser included offense. We further find that the tendered instruction referring to voluntary manslaughter as a class B felony rather than a class A felony would not have been proper even if there had been evidence of sudden heat.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.