**Willie COLEMAN, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 18S02–9507–CR–872.

Supreme Court of Indiana.

July 21, 1995.

Kelly N. Bryan, Muncie, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

A jury found appellant Willie Coleman, Jr. guilty of robbery, a class B felony, Ind.Code Ann. § 35–42–5–1 (West Supp.1986), and the trial court sentenced him to twelve years in prison. The Court of Appeals reversed. *Coleman v. State* (1994), Ind.App., 640

N.E.2d 727. We grant transfer and affirm the conviction.

The facts most favorable to the verdict reveal that on March 4, 1992, Coleman entered a Marsh supermarket in Muncie and proceeded to the video rental counter. At the counter, Coleman instructed a customer, Joe Williamson, to keep quiet while he pocketed five rolls of film. As Coleman was leaving the store, Williamson told a salesperson what had happened, and the salesperson alerted one of the store's co-managers, Max Smith. Smith followed Coleman just outside the store, where Coleman was still standing at the store's entrance. Seeing the film protruding from Coleman's pocket, Smith asked Coleman if he had forgotten to pay for anything. Coleman then pulled a knife and threatened Smith, saying "do you want some of this." Fearing that Coleman would stab him, Smith retreated into the store. The police later arrested Coleman when he returned to the store.

Coleman raises two closely related issues about sufficiency of the evidence. First, he argues that he could not be found guilty of robbery because the State failed to prove that he put the store manager in fear before or during the taking of the property. He claims that the theft had been effectuated before he threatened Smith. Second, he contends the evidence does not show he took property from the presence of Smith as charged in the information. Rather, he contends, he completed the taking before Smith stopped him. The critical question, then, is whether the theft was completed before Coleman threatened Smith.

So the facts established at Coleman's trial constitute robbery? The Indiana Code defines robbery as follows:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant....

Ind.Code Ann. § 35–42–5–1. Pursuant to this statute, the State charged Coleman with knowingly taking five rolls of film from the presence of Max Smith by putting him in fear while armed with a knife.

We agree with Coleman that if the "taking" was completed before Smith confronted him in front of the store, then he did not commit robbery as defined by our statute. At most, Coleman would be guilty of theft, which requires only the unauthorized exertion of control over the property of another with intent to deprive that person of the property, Ind.Code Ann. § 35–43–4–2 (West 1986), and perhaps an additional offense for threatening Smith with the knife.

■ We have previously held, however, that a "taking" is not fully effectuated if the person in lawful possession of the property resists before the thief has removed the property from the premises or from the person's presence.[1] See Eckelberry v. State (1986), Ind., 497 N.E.2d 233.[2] In Eckelberry, the defendant was in the process of stealing the Bohannon's car from their backyard when he hit Mrs. Bohannon with the vehicle. Mrs. Bohannon flipped under the car, but Eckelberry did not stop. He dragged Mrs. Bohannon, several feet and then drove across a yard, through a chain link fence, and into the street. On appeal, Eckelberry argued that his use of force against Mrs. Bohannon occurred during his escape, after the theft was completed. We disagreed, holding that "the force in this case not only accompanied the taking of the automobile ... but indeed was necessary to accomplish it." Eckelberry, 497 N.E.2d at 234.

---

1. A store clerk or a manager, like Smith, is considered to be in lawful possession of the store's goods for the purpose of theft-related crimes. See Paul v. State (1993), Ind., 612 N.E.2d 1060, 1062; Baker v. State (1980), 273 Ind. 64, 66–67, 402 N.E.2d 951, 953.

2. Cf. Eddy v. State (1986), Ind., 496 N.E.2d 24 (upholding felony-murder conviction on grounds that accompanying robbery not complete until there is asportation of the property), but see, Finley v. State (1988), Ind., 525 N.E.2d 608.

As in *Eckelberry,* Coleman could not have perfected the robbery without eluding Smith. Smith confronted Coleman before he left the premises and thus presented an obstacle to the taking itself. As Judge Kirsch argued in dissent to the opinion in the Court of Appeals, Coleman was only successful in removing the items from the premises and from Smith's presence by threatening him with the knife. *Coleman,* 640 N.E.2d at 730 (Kirsch, J., dissenting). As such, Coleman's use of force was necessary to accomplish the theft of the film and was thus part of the robbery.

For the foregoing reasons, we grant transfer and affirm Coleman's conviction for robbery.

DICKSON and SULLIVAN, JJ., concur.

DeBRULER, J., dissents with separate opinion in which SELBY, J., joins.

DeBRULER, Justice, dissenting.

Appellant Coleman left the supermarket after pocketing some film and not paying for it. As he exited, a clerk who had seen the pocketing, pointed Coleman out to Smith, the store manager. Smith had not seen the pocketing. Coleman had left and was standing in the middle of the sidewalk outside the store when Smith, who had followed him, emerged through the doors and said, "Excuse me, sir, is there anything you forgot to pay for?" Appellant turned to confront Smith with weapon in hand, pointed it at Smith, and said, "Do you want some of this?" Smith raised his hands and said, "No problem," and backed away, reentering the store. Smith watched from inside the store as appellant walked into the parking lot and left in a car. Smith testified that he got no closer than two feet when he approached appellant. This is, I believe, a fair synopsis of the testimony which went most strongly against appellant.

In *Shinn v. State* (1878), 64 Ind. 13 (distinguished in *Eckelberry v. State* (1986), Ind., 497 N.E.2d 233), two con men working the sidewalk, engaged a man in conversation, and persuaded him to show his money. One of them was Shinn. Shinn's accomplice snatched the money from the hapless victim's hand and gave it to Shinn, who took off running with it. The victim sought to pursue Shinn, but was knocked down by the accomplice. Getting loose, the victim caught Shinn; Shinn, the victim, and the accomplice engaged in a tussle. This Court said that there had been no taking of the money by force or fear, and perforce no robbery.

In much the same manner here, Smith, the store manager, pursued and caught up to appellant outside the store on the sidewalk. The knife threat by appellant which immediately followed, like the immediate blow to the victim by the accomplice in Shinn, was preceded by the taking of the film, and perforce there was no taking from Smith by force or fear as charged and no robbery. This case is not distinguishable from *Shinn,* and the same result should obtain here.

SELBY, J., concurs.