James COOPER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–9507–CR–228.

Court of Appeals of Indiana.

Oct. 31, 1995.

Brian J. May, South Bend, for Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

James Cooper ("Cooper") appeals his conviction for robbery, a class B felony.[1] On appeal, Cooper presents the following issues for our review:

I. Whether the evidence is sufficient to support a finding that the defendant took the property by use of force.

II. Whether the evidence was sufficient to support a finding that the taking resulted in bodily injury to the victim.

We affirm.

The facts most favorable to the verdict show that Howard Bailey ("Bailey") awoke to a knock on his door at approximately 3:00 a.m. On his way to answer the door, Bailey put his handgun in the back pocket of his jeans. When Bailey opened the door, Cooper entered the house. He attempted to convince Bailey to buy several items from him, but Bailey refused. As Cooper was leaving, Bailey turned around and Cooper took the gun from Bailey's pocket.

Bailey pursued Cooper out to the porch where the two struggled. Cooper then jumped over the porch railing into the front yard. Bailey tackled Cooper and the two men continued fighting. Once again, Cooper broke free of Bailey. Bailey again tackled Cooper in the front yard. During that portion of the struggle, Cooper bit Bailey's arm and escaped with the gun. Cooper was subsequently arrested by the police and convicted of robbery.

## I.

### Use of Force

Cooper argues that the evidence was insufficient to support his conviction for robbery because there was no showing that the taking of the gun was accomplished by force.[2] Our test for sufficiency of the evidence re-

quires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

Cooper argues that there was no showing of force in the taking because the evidence indicates that the gun slipped easily from Bailey's pocket. The Indiana Supreme Court recently assessed the "use of force" element of IC § 35–42–5–1. The court concluded that if the person in possession of the property resists before the property has been removed from the person's presence or the premises, the taking is not completed immediately. *Coleman v. State* (1995), Ind., 653 N.E.2d 481, 482. It is not until the property is successfully removed from the premises or person's presence that the robbery is complete. *Id.* at 483. If the use of force is necessary to accomplish the theft and elude the person in possession of the property, it is part of the robbery. *Id.*

In the present case, regardless of whether force was necessary to remove the gun from Bailey's pocket, Cooper used force in leaving the premises and Bailey's presence. Bailey tackled Cooper several times and the two men struggled before Cooper left the yard. Cooper could not have eluded Bailey without using force. Therefore, we determine that Cooper's use of force was part of the robbery. *Id.* Thus, the evidence was sufficient to support a conviction for robbery.

## II.

### Bodily Injury

Cooper next argues that the evidence was insufficient to support a finding that bodily injury occurred during the robbery thus enhancing the offense to a class B felo-

---

1. Ind.Code § 35–42–5–1 (1993).

2. IC § 35–42–5–1 defines robbery as follows:

   A person who knowingly or intentionally takes property from another person or from the presence of another person:
   (1) by using or threatening the use of force on any person; or

ny.[3] He contends that he had already completed the robbery and was attempting to escape when the bodily injury occurred. However, as noted above, the robbery was not complete until Cooper left the yard and Bailey's presence. *Coleman, supra*, at 483. Therefore, the bite occurred during the robbery and the enhancement of the offense was proper.

Affirmed.

GARRARD and RUCKER, JJ., concur.

(2) by putting any person in fear; commits robbery, a Class C felony.

**3.** IC § 35–42–5–1 provides that if the robbery "is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant" it is a class B felony rather than a class C felony.