**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 18 2013, 10:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLYE D. GAULDEN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1212-CR-651 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1202-FB-37

**September 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Billye Gaulden appeals his conviction of Class B felony robbery[1] and the fifty-year aggregate sentence imposed for that robbery conviction and two convictions of Class D felony resisting law enforcement. He presents three issues for our consideration:

1.  Whether the trial court abused its discretion when it admitted testimony regarding Gaulden making a threatening phone call to a prosecution witness;

2.  Whether the State presented sufficient evidence Gaulden committed Class B felony robbery; and

3.  Whether Gaulden's aggregate sentence was inappropriate based on his character and the nature of his offense.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 16, 2012, Bradley Osborn, a loss prevention officer for Kroger, saw Gaulden and his companion take items from the personal hygiene section of the store and deposit them into two book bags. Gaulden put a few of the items into his pockets. Osborn called police, then positioned himself in the vestibule near the exit. Osborn stopped Gaulden and his companion, identified himself, and asked them to return to the store. Gaulden walked past Osborn and said, "I don't have anything, she's got it." (Tr. at 65.) Osborn focused on Gaulden's companion because she seemed to have most of the merchandise, and he started to walk her back into the store. At that time, Gaulden fired a taser at Osborn and hit Osborn in his face. Osborn twisted away, and Gaulden and his companion left the store.

---

[1] Ind. Code § 35-42-5-1.

Police released still photographs from Kroger's surveillance video to the media in an effort to identify Gaulden and his companion. Erinn Fretz, Gaulden's former girlfriend, recognized Gaulden and called police. After the police apprehended Gaulden and charged him with Class B felony robbery, Fretz received a phone call from Gaulden during which he stated, "You know who this is. I know what you did and you'll be dead by the end of the day." (Tr. at 89-90.)

The State charged Gaulden with Class B felony robbery, Class A misdemeanor using a stun gun in the commission of a crime, and two counts of Class A misdemeanor resisting law enforcement, and alleged Gaulden was an habitual offender. Prior to trial, the State moved to dismiss the stun gun charge, and the trial court granted that request. A jury found Gaulden guilty of Class B felony robbery and both counts of Class A misdemeanor resisting law enforcement, and then after additional evidence was heard, the jury found he was an habitual offender. The court sentenced Gaulden to twenty years for Class B felony robbery, to be served concurrently with one-year sentences for each count of Class A misdemeanor resisting law enforcement. The court then enhanced Gaulden's sentence by thirty years for his being an habitual offender, for an aggregate sentence of fifty years.

**DISCUSSION AND DECISION**

1.    Admission of Threatening Phone Call

We generally review the admission of evidence for abuse of discretion. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind. 1997). We will reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* Gaulden argues the

3

trial court abused its discretion when it admitted testimony regarding a threatening phone call he made to a witness for the prosecution because the testimony was inadmissible character evidence pursuant to Indiana Evidence Rule 404(b). We disagree.

Fretz testified that after she identified Gaulden to the police, Gaulden called her and said, "You know who this is. I know what you did and you'll be dead by the end of the day." (Tr. at 89-90.) Fretz understood Gaulden's statement, "I know what you did," to mean he knew she had identified him to police. (*Id*. at 90.) Gaulden objected to Fretz's testimony, arguing it was inadmissible as evidence of other crimes, wrongs, or acts to prove the character of a person and show action in conformity therewith. Gaulden's objection was overruled.

In *Matthews v. State*, 866 N.E.2d 821, 825 (Ind. Ct. App. 2007), *trans. denied*, we reviewed the admission of testimony that Matthews confessed to, threatened, and then shot at a witness for the prosecution. Like Gaulden, Matthews argued the statements were inadmissible pursuant to Evid. R. 404(b), but we held:

> Threats by the accused against prosecution witnesses are considered attempts to conceal or suppress implicating evidence and are "relevant and admissible into evidence." *Johnson v. State*, 472 N.E.2d 892, 910 (Ind. 1985). Such threats are viewed as admissions of guilt and therefore are relevant to demonstrate an accused's guilty knowledge. Accordingly, evidence of Matthews' threatening and intimidating actions against [witnesses] were admissible for a purpose other than to merely show his propensity to engage in wrongful acts. Matthews has demonstrated no manifest abuse of discretion to support reversal on Evidence Rule 404(b) grounds.

*Id*. The same is true in the instant case. Gaulden concedes his threat to Fretz was an admission of guilt. The trial court did not abuse its discretion when it admitted Fretz's

4

testimony about the threatening call from Gaulden because it was not impermissible character evidence under Evid. Rule 404(b). *See id.*

2. Sufficiency of Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

To prove Gaulden committed Class B felony robbery, the State had to present evidence he knowingly or intentionally took "property from another person or from the presence of another person (1) by using or threatening the use of force on any person; or (2) by putting any person in fear" while "armed with a deadly weapon or result[ing] in bodily injury to any person other than the defendant." Ind. Code § 35-42-5-1. Gaulden concedes that he took property from the Kroger store and that he used force against Osborn. He argues, however, that the force he used against Osborn was not to complete the crime, but instead happened after the crime had been committed and, therefore, does not satisfy the

5

element of force required to change his crime from theft to robbery. We disagree.

A theft is committed when a person knowingly or intentionally "exerts unauthorized control over property of another person, with intent to deprive the other person of its use." Ind. Code § 35-43-4-2(a). A robbery is committed when a person knowingly or intentionally takes property from a person or from the presence of a person using force or threat of force. Ind. Code § 35-42-5-1. The threat or use of force does not need to occur simultaneously with the theft of the object. *See Young v. State*, 725 N.E.2d 78, 81 (Ind. 2000) (holding force that occurred after Young took victim's wallet sufficient to satisfy element for robbery); *see also Coleman v. State*, 653 N.E.2d 481, 483 (Ind. 1995) (affirming robbery conviction when Coleman threatened store manager with a knife after store manager confronted Coleman in the parking lot about the theft of an item).

Gaulden and his companion took items from the Kroger store, and Osborn stopped them when they attempted to leave. Gaulden walked away from Osborn as Osborn was searching Gaulden's companion, then Gaulden returned and used a taser on Osborn. Gaulden and his companion then escaped. Like in *Young and Coleman*, the theft of the items had already occurred when the force was used, but the use of the force was necessary to complete the crime. Thus, the State presented sufficient evidence to prove Gaulden committed Class B felony robbery.

3.      Appropriateness of Sentence

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008)

6

(citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating the sentence is inappropriate in light of the "character" and the "nature of offense." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for a Class B felony is ten years, with a range of six to twenty years. Ind. Code § 35-50-2-5. Gaulden was sentenced to twenty years,[2] with a thirty-year enhancement for his habitual offender finding, for an aggregate sentence of fifty years.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Gaulden's criminal history, which includes seven felony convictions and seventeen misdemeanor convictions, already included convictions of robbery and battery. Gaulden concedes this record reflects poorly on his character, but argues his sentence is inappropriate because he is not the "worst of the worst." (Br. of Appellant at 19.) We disagree.

---

[2] Gaulden's two one-year sentences for two counts of Class A misdemeanor resisting law enforcement were to run concurrently with his sentence for Class B felony robbery.

Our Indiana Supreme Court held in *Ritchie v. State*, 875 N.E.2d 706, 725 (Ind. 2007), *reh'g denied*:

> This Court has observed, "[T]he maximum possible sentences are generally most appropriate for the worst offenders." *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002) (citations omitted). But we have clarified: "This is not, however, a guideline to determine whether a worse offender could be imagined. Despite the nature of any particular offense and offender, it will always be possible to identify or hypothesize a significantly more despicable scenario. Although maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment. But such class encompasses a considerable variety of offenses and offenders." *Id.*

Further, as Gaulden notes, from our opinion in *Brown v. State*, our court should "concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*. In doing such an analysis, we find nothing inappropriate about Gaulden's sentence based on his character. As noted above, he has multiple felony and misdemeanor convictions, he has failed to complete Community Corrections placement twice, and threatened a witness in the instant case.

One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. Gaulden contends "neither the amount nor the nature of the property taken was significant."

8

(Br. of Appellant at 19.)[3]  We cannot find his sentence inappropriate on that basis.

Gaulden and his companion took over $200.00 worth of personal hygiene products from Kroger with the intent to sell the items to get money to buy drugs.  To effectuate the robbery, Gaulden used a taser on Osborn.  Osborn reported he suffered redness and pain for eight to twelve hours.  Gaulden eluded police until Fretz saw media reports searching for the person responsible for a crime at Kroger and identified Gaulden.  Gaulden also resisted law enforcement when police arrested him.  Taken together with Gaulden's criminal history, we cannot say his sentence is inappropriate based on his character or nature of the offense.

## CONCLUSION

The trial court did not abuse its discretion when it admitted testimony regarding a threatening phone call Gaulden made to Fretz because the evidence was not character evidence.  There was sufficient evidence Gaulden committed Class B felony robbery.  Finally, Gaulden's sentence is not inappropriate based on his character or the nature of his offense.  Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

---

[3] Gaulden focuses on his sentence for Class B felony robbery, to which all of his other sentences were concurrent.  However, when reviewing a defendant's sentence, we consider the aggregate sentence, and the circumstances surrounding all of the relevant crimes.  *See Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008) ("appellate review should focus on the forest – the aggregate sentence – rather than the trees – consecutive or concurrent, number of counts, or length of the sentence on any individual count").