## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 17 2015, 10:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kathie A. Perry
Sovich Minch, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Devan L. Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 17, 2015<br><br>Court of Appeals Case No.<br>73A01-1408-CR-334<br><br>Appeal from the Shelby Superior<br>Court 1<br>The Honorable Jack A. Tandy,<br>Judge<br>Cause No. 73D01-1403-FC-031 |

**Friedlander, Judge.**

[1] Following a bench trial, Devan Jones was convicted of Robbery, a class C felony.[1] Jones challenges the sufficiency of the evidence supporting his conviction.

[2] We affirm.

[3] On March 14, 2014, Officer James Jones (the Undercover Officer) of the Shelbyville Police Department (SPD) set up an undercover narcotics transaction with Tommy Sayre (Sayre) at the Big Foot gas station in Shelbyville. The Undercover Officer was to purchase five pounds of marijuana from Sayre in exchange for $5000 in cash and then arrest Sayre as soon as the transaction was complete. Sergeant Mike Polston of the SPD and Deputy Joseph Mohr of the Shelby County Sheriff's Department were in a vehicle close by to secure video surveillance of the transaction between the Undercover Officer and Sayre. Officer Jamie Kolls of the SPD was also nearby in an unmarked police car to assist with the arrest after the transaction.

[4] Deputy Mohr and Sergeant Polston identified Sayre's car, a blue Honda, in the Big Foot parking lot. Jones, driving a silver car, pulled up next to Sayre's car. Sayre and his brother, Matt Sayre, who was in the driver's seat, briefly conversed with Jones. Sayre gestured for Jones to move his silver car in front of the blue Honda. The Undercover Officer then pulled behind the blue Honda

---

[1] Ind. Code Ann. §35-42-5-1 (West, Westlaw 2013). Effective July 1, 2014 this offense has been reclassified as a level 5 felony. Because this offense was committed prior to that date, it retains its former classification as a class C felony.

and Sayre approached the Undercover Officer's vehicle. After the Undercover Officer exited his vehicle, he handed Sayre the envelope containing $5000 in cash and Sayre walked back to the blue Honda. Sayre got into the passenger side of the blue Honda and his brother quickly drove out of the parking lot.

[5] Officer Kolls was in his unmarked police car when he heard on the radio that Sayre was fleeing. Officer Kolls pulled his car onto State Road 44 to clear traffic and saw the blue Honda, followed by a silver car, pulling out onto State Road 44 at a high rate of speed with tires spinning and gravel flying. The silver car, driven by Jones, pulled out of the parking lot so quickly that another vehicle had to swerve out of the way to avoid being hit. Officer Kolls was able to pass a third vehicle to get behind Jones's car. Jones was still following closely behind Sayre. When Officer Kolls was behind Jones, Jones quickly reduced his speed to a rate below the posted speed limit of 55 m.p.h. Officer Kolls made multiple attempts to pass Jones, but each time Jones swerved in the same direction such that Officer Kolls was unable to safely pass. Sayre and his brother were able to avoid apprehension because Jones prevented Officer Kolls from passing him. Within a mile from the Big Foot, police officers in marked police cars were able to pull Jones over without incident. Upon questioning, Jones told Deputy Mohr that he had stopped at the gas station to call his girlfriend and that he told Sayre he did not want to be a party to the plan.

[6] Sayre and his brother were apprehended later that same evening. Sayre had explained to Sergeant Polston that Jones's job was to pull out behind them and

"drive like hell" so that he and his brother could escape. *Transcript* at 85. Sayre promised to give Jones $500 for doing his part.

[7] Jones was charged with conspiracy to commit robbery, robbery, theft, and conspiracy to commit theft. A bench trial was held on June 10, 2014. On June 13, 2014, the trial court found Jones guilty of robbery and theft. Jones was acquitted of the conspiracy charges and the court did not enter judgment of conviction on the theft charge due to double jeopardy concerns. On July 9, 2014, Jones was sentenced to five years executed at the Indiana Department of Correction. Jones now appeals his conviction.

[8] Jones challenges the sufficiency of the evidence in two respects. First, he argues that the evidence of his driving behavior was insufficient to establish the element of force or threat of force, as is required to support a conviction of class C felony robbery. *See* I.C. § 35-42-5-1. Second, Jones argues that if there was force or threat of force, it was removed in time from the actual taking of property and was not necessary to complete the taking.

[9] Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty

> beyond a reasonable doubt." *Davis v. State,* 813 N.E.2d 1176, 1178
> (Ind. 2004).

*Bailey v. State,* 979 N.E.2d 133, 135 (Ind. 2012).

[10] To convict Jones of robbery as charged, the State was required to prove that Jones knowingly or intentionally took "property from another person or from the presence of another person" by using or threatening the use of force. I.C. § 35-42-5-1. First, Jones claims that the use of his vehicle to block officers from passing him in their pursuit of Sayres did not constitute the element of force necessary to elevate his offense from theft to robbery.

[11] The use of force necessary to elevate a theft to a robbery may occur when the thief tries to leave with the stolen goods. *Young v. State*, 725 N.E.2d 78 (Ind. 2000). Jones's use of his car to prevent Officer Kolls from catching up to the blue Honda constituted the requisite force or the threat of force. Jones used his car to cut off another motorist in the Big Foot parking lot so that he could stay behind Sayre. When Officer Kolls caught up with Jones, Jones blocked Officer Kolls each time the Officer tried to pass. His act of swerving when Officer Kolls tried to pass him constitute a threat of force because Officer Kolls had to react to avoid hitting Jones. Jones used his car as a weapon to threaten to hit the other drivers and specifically threaten Officer Kolls in the Officers attempts to pass Jones. Jones finally stopped his vehicle when police officers in marked units surrounded him.

[12] Jones also argues that his driving behavior was not directed toward any of the victims in this case, or toward any identified person, in furtherance of the crime.

We note that I.C. § 35-45-5-1(1) does not require that the force element has to be used against the victim. Specifically, I.C. § 35-45-5-1(1) states that the use of force may be "on any person". Therefore, pursuit to the plain terms of I.C. § 35-45-5-1(1), the force Jones directed toward Officer Kolls was force sufficient to satisfy this essential element for robbery.

[13] Jones's second argument is that even if there was force or threat of force, it was removed in time from the actual taking of property and was not necessary to complete the taking. Jones's actions were not removed in time from the taking. "[A] crime that is continuous in its purpose and objective is deemed to be a single uninterrupted transaction". *Dye v. State*, 984 N.E. 2d 625, 629 (Ind. 2013) (quoting *Eddy v. State*, 496 N.E.2d. 24, 28 (Ind. 1986)). The robbery is not complete until the offender "asports the property, or takes it from the possession of the victim". *Young v. State*, 725 N.E.2d 78, 81 (Ind. 2000). Asportation continues as the offender departs from the location where the property was taken from the victim. *See Coleman v. State*, 653 N.E.2d 481 (Ind. 1995). The evidence demonstrates that Jones's role was to block Sayre's pursuers, regardless of who they were, so that Sayre could get away. Jones's actions were intentionally directed at the pursuers and the fact that a person other than the original victim gave chase to recover the goods does not break the chain of action of the robbery. His role was a part of the continuous scheme because his driving behavior was designed to allow Sayre to escape with the money.

[14] Jones has failed to meet the burden of persuading this court that the evidence was insufficient support his conviction for robbery.  We agree with the trial court that "there is no doubt Jones used force by maneuvering his vehicle as a means to promote the successful escape of the Sayres." *Appellants Appendix* at 29.

[15] Judgment affirmed.

Kirsch, J., and Crone, J., concur.