# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 08 2018, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Denise Hoskins,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 8, 2018<br><br>Court of Appeals Case No.<br>02A05-1711-CR-2649<br><br>Appeal from the Allen Superior Court<br><br>The Honorable John F. Surbeck, Jr., Judge<br><br>Trial Court Cause No.<br>02D06-1601-F3-1 |

**Crone, Judge.**

## Case Summary

Denise Hoskins appeals her conviction for level 3 attempted robbery following a jury trial. Hoskins argues that there was insufficient evidence to support her conviction. Finding that the evidence was sufficient, we affirm.

## Facts and Procedural History

The evidence most favorable to the verdict shows that on January 5, 2016, Hoskins attempted to leave a J.C. Penney store without paying for clothes that she was carrying. After walking through the store doors and triggering the store alarm, Hoskins was stopped by one of J.C. Penney's loss prevention officers, Kimberly Blair. Hoskins tried to escape by running past Blair, who grabbed her arm. Hoskins threw the clothes outside the store, and Blair tried to handcuff her. Blair was only able to secure one handcuff before the two fell to the ground in a scuffle. Hoskins grabbed Blair's hair and wouldn't let go, even as other store workers attempted to restrain her. After a mall security officer arrived on scene, Hoskins stopped resisting and was escorted to the J.C. Penney loss prevention office until the police arrived.

In addition to theft and battery, the State charged Hoskins with level 3 felony attempted robbery. The State subsequently dismissed the theft and battery charges. At trial, the jury found Hoskins guilty of attempted robbery, and she was sentenced to fifteen years. This appeal ensued.

# Discussion and Decision

[4]     Hoskins challenges the sufficiency of the evidence supporting her conviction. In reviewing an insufficient evidence claim, we do not reweigh the evidence or judge the credibility of witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). Rather, we consider only the evidence that supports the verdict and the reasonable inferences arising therefrom. *Id.* "We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id.*

[5]     Indiana Code Section 35-42-5-1 provides in pertinent part that a person who knowingly or intentionally takes property from another person or from the presence of another person by using or threatening the use of force on any person commits robbery, a level 3 felony if it results in bodily injury to any person other than the defendant. "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime." Ind. Code § 35-41-5-1.

[6]     Hoskins concedes that she intentionally took a substantial step toward taking the clothes out of the store without paying. She also concedes that force was used that resulted in bodily injury to Blair. However, she argues that the evidence does not show that she used any force or threat of force to take the clothing from the store, and thus at most she was guilty of theft. Hoskins's argument ignores the principle that "[i]f the use of force is necessary to accomplish the theft and elude the person in possession of the property, it is

part of the robbery." *Cooper v. State*, 656 N.E.2d 888, 889 (Ind. Ct. App. 1995). Here, the evidence showed that Hoskins used force in an unsuccessful attempt to elude Blair. This force was therefore a *part* of the attempted robbery.[1] Accordingly, we affirm Hoskins's conviction.

Affirmed.

Bailey, J., and Brown, J., concur.

---

[1] An abandonment defense by Hoskins would likely not have succeeded at trial. To successfully assert an abandonment defense, the decision to withdraw from a crime must be voluntary and in no way attributable to extrinsic factors that increase the odds of detection or make a crime more difficult. *Jones v. State*, 87 N.E.3d 450, 457 (Ind. 2017). Thus, a reasonable factfinder could likely find that the altercation with Blair was an extrinsic factor that hindered the completion of the crime.