FILED

Nov 04 2019, 8:35 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT –
JOHNATHAN OLSON

Michael G. Moore
Indianapolis, Indiana

ATTORNEY FOR APPELLANT –
AUSTIN MAHONEY

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnathan Olson and Austin J. Mahoney,<br><br>*Appellants-Defendants,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff.* | November 4, 2019<br><br>Court of Appeals Case No. 19A-CR-773<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable Michael J. Lewis, Judge<br><br>Trial Court Cause Nos.<br>84D06-1809-F2-3494<br>84D06-1809-F2-3491 |

**Najam, Judge.**

# Statement of the Case

In this consolidated appeal, Johnathan Olson and Austin Mahoney appeal the trial court's denial of their motions to dismiss the State's charges against them for robbery, as Level 2 felonies. Olson and Mahoney present two issues for our review:

1. Whether the trial court erred when it denied their motions to dismiss the charges.

2. Whether the State is collaterally estopped from prosecuting them for robbery.

We affirm.

# Facts and Procedural History

In 2018, Olson, Mahoney, and four of their friends, all minors, visited the Jiffy Mini Mart in Terre Haute and stole items from the store "on multiple occasions." Appellants' App. Vol. 2 at 14. On September 20, the group stole items from the store, and when they returned to the store later that evening, Jiffy Mini Mart employee Robert Bailey confronted them and asked them to leave the store. While Bailey was distracted by other members of the group, Mahoney reached over a counter and stole a package of cigars. Mahoney and the group then exited the store, with Bailey following them.

Once outside in the parking lot, the young men surrounded Bailey and, when Bailey tried to get away, Mahoney punched Bailey in the head. A passerby,

Ron Deitz, intervened in an attempt to aid Bailey, and the group threatened Deitz. In the meantime, one of the young men struck Bailey in the head and knocked him to the ground. While Bailey was lying on the ground, Mahoney kicked Bailey in the stomach, and Olson "stomp[ed]" on Bailey's head. *Id.* The group then fled the scene.

[5] The State charged Olson and Mahoney each with robbery, as a Level 2 felony; battery, as a Level 5 felony; theft, as a Class A misdemeanor; criminal mischief, as a Class A misdemeanor; and criminal trespass, as a Class A misdemeanor. The robbery charges meant that Olson and Mahoney would be tried as adults. *See* Ind. Code § 31-30-1-4(a)(6)(B) (2019) (providing that if an individual is at least sixteen years old and commits robbery resulting in bodily injury a juvenile court lacks jurisdiction over the individual). Olson and Mahoney's cohorts, including N.G., were younger than sixteen at the time, and their cases remained in juvenile court.

[6] On November 16, a juvenile court held a factfinding hearing on the State's petition alleging that N.G. was a delinquent in part for his participation in the robbery with Olson and Mahoney. At the conclusion of the hearing, the juvenile court found that the State had not proved that N.G. had committed robbery, but the court found that N.G. had committed theft. Thereafter, Olson and Mahoney filed motions to dismiss the robbery charges pending against each of them. In their motions to dismiss, Olson and Mahoney alleged in relevant part that

> there was no robbery. There was at one point in time a possible theft and there was at a different point of time a possible battery. However, there clearly was not a robbery which resulted in serious bodily injury. . . . Thus, [the robbery charge] must be dismissed for lack of probable cause.

Appellants' App. Vol. 2 at 22. In support of their motions, Olson and Mahoney alleged that N.G.'s adjudication for theft based on the juvenile court's finding that there was no evidence of a robbery was "conclusive" evidence that a robbery did not occur. *Id.* at 23. The trial court denied their motions to dismiss following a hearing. This appeal ensued.

## Discussion and Decision

### *Issue One: Denial of Motions to Dismiss*

[7] Olson and Mahoney contend that their robbery charges are "factually insufficient as shown by the charging documents and as confirmed by the refusal of the juvenile court to convict a codefendant of robbery[.]" Appellants' Br. at 11. Accordingly, Olson and Mahoney maintain that the trial court erred when it denied their motions to dismiss the robbery charges. We cannot agree.

[8] A motion to dismiss under Indiana Trial Rule 12(B)(6) challenges only the legal sufficiency of the charges, which presents a question of law that we review *de novo*. *Stone v. State*, 128 N.E.3d 475, 480 (Ind. Ct. App. 2019), *trans. denied*. We may affirm the trial court's judgment under Trial Rule 12(B)(6) on any basis supported by the record. *See id.* "A motion to dismiss under Trial Rule

12(B)(6) is appropriate only when 'the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.'" *Id.* (quoting *Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015)).

[9] To prove robbery, as a Level 2 felony, the State is required to show that Olson and Mahoney each knowingly or intentionally took property from another person or from the presence of another person by using or threatening the use of force on any person which resulted in serious bodily injury to any person other than a defendant. I.C. § 35-42-5-1. The charging informations alleged in relevant part that Olson and Mahoney each knowingly or intentionally took property from another person or from the presence of another person, namely, Bailey and/or Jiffy Mini Mart, by using or threatening the use of force on any person, resulting in serious bodily injury to Bailey. And the identical probable cause affidavits alleged in relevant part as follows:

> 3. On 09-26-2018 Affiant[, a Terre Haute Police Department Officer,] went to the Jiffy gas station at 25th street and 8th Avenue to obtain a copy of the video surveillance from the Robbery. While watching the video Affiant was able to identify all the suspects from having dealt with all six of them personally. Affiant watched the surveillance video, incorporated herein as Attachment A, and observed . . . Mahoney reach over the counter, take merchandise, and then exit the store. During this same time, multiple other males identified as James Edmonson, Anthony Cheeseman, N.G. (age 15), Elijah "Eli" Rooksberry, and Johnathan Olson were inside of the store and appeared to be either watching the store employees or attempting to distract the employees. Affiant observed Robert Bailey confront the males

and appears to order them to leave the store. As they are leaving the store, Bailey follows them out of the front door.

4. As the group enters the lot of the business, Affiant observed James Edmonson square up, standing in front of the victim with his body bladed towards the victim and clinched fists. Affiant also observed . . . Mahoney [and the others] surround the victim in an aggressive and intimidating manner.

5. Shortly after the victim had been surrounded by all six people he was attempting to walk away when Affiant observed . . . Mahoney suddenly attack the victim from the side. After [Mahoney] sucker punched the victim all 6 juveniles ran out of the video range. Seconds later they all re-entered the video and three of the males were attacking Ron Dietz, who was trying to assist the victim and prevent any further battery from occurring. While [Mahoney] was attacking Ron Dietz, Anthony and Johnathan both ran up on Dietz as if they were both attempting to batter him at the same time [Mahoney] was attacking him.

6. While [Mahoney] was attacking the other white male (along with Anthony and Johnathan) Robert Bailey was looking towards Ron Dietz as he was being attacked and had his back to James "Jimmy" Edmondson. Jimmy ran up from behind and struck Robert Bailey with his closed fist causing him to fall to the ground. After being struck by Jimmy, the victim fell to the ground unconscious and was lying on the ground motionless.

7. While the victim was lying on the ground motionless Affiant observed [Mahoney] kick him in his midsection. At that point all the juveniles started to flee south on foot. As they started to flee Affiant observed Johnathan Olson take his foot and stomp on the victim's head prior to fleeing the scene.

\* \* \*

9. Affiant spoke to the store manager Shelly and she advised that the same group of juveniles had come in the store earlier that day and had stolen several items. When they re-entered the store they were asked to leave by Robert Bailey because of the prior theft. In the video you can see while all parties were inside, several of the suspects turned their pockets inside out as to show they had nothing in their possession at that time. Several of the juveniles were attempting to distract the victim while [Mahoney] went to the other side of the counter, reached into a closed plastic case and stole some cigars from behind the counter. Affiant was also advised that group had stolen from that store on multiple occasions prior to this incident.

Appellants' App. Vol. 2 at 14.

[10] Olson and Mahoney maintain that, "even if taken as true," the charging documents "fail to establish Olson and Mahoney committed robbery because the State did not allege the boys used force to complete the taking of the property." Appellants' Br. at 12. Olson and Mahoney correctly assert that "the robbery statute requires a nexus between the taking and force," and they contend that the charging documents do not show any such nexus. *Id.* at 13 (citing *Rowe v. State*, 496 N.E.2d 585 (Ind. Ct. App. 1986)). Olson and Mahoney read the charging documents as supporting a theft followed by batteries against Bailey that were entirely unrelated to the theft. And they urge us to consider the juvenile court's refusal to adjudicate N.G. as a delinquent on the robbery charge as support for their motions to dismiss.

[11]　However, we agree with the State that the charging documents are sufficient to support the robbery charges against Olson and Mahoney. While the State has not alleged that Mahoney used force at the very moment he took the cigars from the Jiffy Mini Mart, our Supreme Court has held that the "use of force" element in the robbery statute is satisfied where "the person in lawful possession of the property resists before the thief has removed the property from the premises or from the person's presence." *Coleman v. State*, 653 N.E.2d 481, 482 (Ind. 1995). It is not until the property is successfully removed from the premises or person's presence that the robbery is complete. *Cooper v. State*, 656 N.E.2d 888, 889 (Ind. Ct. App. 1995) (citing *Coleman*, 653 N.E.2d at 483). If the use of force is necessary to accomplish the theft and elude the person in possession of the property, it is part of the robbery. *Id.*

[12]　Here, in the charging informations, the State alleged that Olson and Mahoney took the cigars from Jiffy Mini Mart and/or from the presence of Bailey by using or threatening the use of force. The probable cause affidavits state that Bailey followed Olson and Mahoney and the others out of the store and into the parking lot, and it was there and then that Mahoney and others battered Bailey. Thus, the charging documents are facially sufficient to support the robbery charges.

[13]　Still, Olson and Mahoney contend that "[t]here was no evidence the store employees knew Mahoney possessed the cigars in his pocket when the fight occurred." Appellants' Br. at 15. And they state that "Bailey did not follow the

boys out of the store to retrieve the stolen item, nor did he follow the juveniles to stop them from continuing to remove the property." *Id.* But the trial court has not heard any evidence at this stage of the proceedings. The probable cause affidavits are silent as to whether Bailey was pursuing Mahoney because he had taken the cigars or whether Mahoney could have eluded Bailey without the use of force. Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss. *Pavolovich v. State*, 6 N.E.3d 969, 974 (Ind. Ct. App. 2014), *trans. denied*. Whether the evidence will be sufficient to prove the robbery charges will be determined at trial. At this stage of the proceedings, we cannot say that the trial court erred when it denied Olson's and Mahoney's motions to dismiss the robbery charges.

### Issue Two: Collateral Estoppel

[14]    Olson and Mahoney also contend that the State is barred by collateral estoppel, or issue preclusion,[1] from prosecuting them for robbery. They maintain that, because a juvenile court found the evidence insufficient to support N.G.'s adjudication as a delinquent for committing robbery, the State is bound by that adjudication in the instant cases. We cannot agree.

[15]    As the State correctly points out, "in criminal cases, the invocation of collateral estoppel requires mutuality of estoppel and identity of the parties." *Martin v.*

---

[1] There is no dispute that claim preclusion does not apply here.

*State*, 740 N.E.2d 137, 142 (Ind. Ct. App. 2000), *trans. denied*. Here, because neither Olson nor Mahoney was a party in the juvenile court's adjudication of N.G., collateral estoppel does not apply. The State is not barred from prosecuting Olson and Mahoney for robbery.

Affirmed.

Bailey, J., and May, J., concur.